LORENZO D. DANA et al., Plaintiffs in Error, *v.* BENJAMIN C. ADAMS, Defendant in Error.

### ERROR TO McHENRY.

A defendant has a right to withdraw a plea, but cannot withdraw his appearance without leave of the court.

A court may allow an appearance to be withdrawn, which has been entered through fraud or mistake; but a special application must be made and leave obtained for that purpose.

If a defendant withdraws his plea and appearance, it will be understood as an abandonment of the defence previously interposed.

THIS was an action of assumpsit, commenced in the McHenry Circuit Court by Adams, against L. D. Dana and another. Process was returned, served on L. D. Dana, Lorenzo Dana not found, at the January term, 1852, of that court. At the return term, the defendants both appeared by counsel, and filed a plea of non assumpsit, and also a special plea. To the plea of non assumpsit, the plaintiff added the similiter, and filed a demurrer to the special plea. The cause was continued to the March term, of the Circuit Court. At the March term, 1852, WILSON, Judge, presiding, the following order was entered.

And now comes the plaintiff by Church & Willard his attorneys, and thereupon come the defendants by Smith, and withdraw the pleas filed herein by the said defendants, and also their appearance, and the said defendants being called come not, nor any one for them, but fail and make default herein, which is ordered to be entered of record. It is therefore on motion of the plaintiff's attorneys, that plaintiff have judgment for his damages,

but because these are uncertain and unknown to the court, this suit being brought upon an instrument of writing, for the payment of money only, it is therefore ordered that the clerk assess the same, and he having assessed and reported to the court, the sum of eight-hundred and sixty-eight dollars and thirty-six cents, which is ordered to stand confirmed and approved. It is therefore ordered and considered, that the plaintiff have and recover of the defendants, the sum, &c., &c., his damages so assessed, as also his costs and charges herein expended, and that he have execution therefor.

From this judgment the Danas sued out this writ of error, and assign for error,—that the court erred in rendering final judgment against both of the defendants, when process had been served on but one of them.

C. McClure, for plaintiffs in error.

Church & Willard, for defendant in error.

Treat, C. J. This was an action of assumpsit, brought by Adams against L. D. & L. Dana. But one of the defendants was served with process. Both appeared at the return term, and pleaded to the declaration. At the next term, a judgment by default was rendered against both, for the amount of the promissory note declared on. The entry of judgment was prefaced by this recital. "And now comes the plaintiff, by Church & Willard, his attorneys, and thereupon, come the defendants, by Smith, and withdraw the pleas filed herein by the said defendants, and also their appearance."

It is insisted, that the plaintiff was not entitled to judgment against both defendants. Both were before the court by the filing of pleas. They had a right, as a matter of course, to withdraw the pleas, for the withdrawal could not operate to the prejudice of the plaintiff. Ayers *v.* Kelly, 11 Ill. 17. But they had no such right to withdraw their voluntary appearance to the action. Leave of the court should have been obtained. A court may properly allow an appearance to be withdrawn, which has been entered through fraud or mistake. But a

special application must be made to the court, and the leave obtained, before the appearance can be withdrawn. The record fails to show that any such leave was granted in this case. It does not even show that an application was made for the purpose. It only recites, that the defendants withdrew their pleas and appearance. This must be understood as an abandonment of the defence previously interposed, and also of any right further to appear in the case. In Michew *v.* McCoy, 3 Watts & Sergeant, 501, the appearance was withdrawn by the leave of the court. The case of Lodge *v.* The State Bank, 6 Blackford, 557, seems to proceed on the ground, that a defendant has a right, as a matter of course, to withdraw a voluntary appearance, — a principle that we cannot for a moment sanction.

The judgment is affirmed. *Judgment affirmed.*

TRUMBULL, Justice, Dissenting. That an attorney has the right, by leave of the court, to withdraw an appearance inadvertently entered, cannot admit of doubt. Cases often happen, in which the appearance of a party has been entered by an attorney through mistake, and the grossest injustice might be done, if, in such a case, and when the rights of the plaintiff could not be prejudiced thereby, such appearance could not, in the discretion of the court, be withdrawn, so as to leave the parties in the same situation as if it had never been entered.

Whether the appearance of the defendant not served with process in this cause, was entered through mistake, the record does not show, nor is it important, as we are bound to presume the Circuit Court would not have allowed it to be withdrawn without sufficient cause.

But it is said, that the record does not show that leave was given to withdraw the appearance. The record recites, "and thereupon come the defendants, by Smith, and withdraw the pleas, filed herein by the said defendants, and also their appearance," and then, in the same order, immediately follows the judgment by default against both the defendants.

As a party cannot withdraw his appearance when entered, except by leave of the court, and as the record shows the withdrawal, the presumption of law is, that it was done by permis-

sion of the court, upon the principle, that the action of the Circuit Court is always presumed to be right, till the contrary be affirmatively shown.

Suppose the judgment in this case had been only against the defendant served with process, and he had brought the case here, alleging that fact as error, as it would have been if both parties were before the court, would this court then have held, that the entry upon the record, that the defendant not served with process came and withdrew his appearance, amounted to nothing, because it did not state that he had the leave of the court for so doing, and have reversed the judgment, because it was not against both defendants ? Such must have been the result, according to the decision now made.

There is, to my mind, another conclusive answer to the suggestion that the record does not state in so many words, that the appearance was withdrawn by leave of the court.

It will be observed that pleas had been filed; These pleas could no more be withdrawn without the leave of the court, than the appearance ; for although the court may have no discretion to refuse leave to withdraw a plea, under certain circumstances, yet a plea can never be withdrawn without such leave. If, therefore, the withdrawal of the appearance amounted to nothing for want of a recital, that it was done by the permission of the court, it is equally clear that the attempt to withdraw the pleas was ineffectual, and the judgment by default in that event was clearly erroneous.

The Supreme Courts of Indiana and Pennsylvania have both decided the precise point involved in this case ; and I apprehend a case can nowhere be found establishing a contrary doctrine.

In Dodge *v.* State Bank, 6 Blackf. 557, the action was against four defendants, two of whom only were served with process. A plea of non assumpsit was filed by all the defendants, and the cause continued in that situation for two terms. At the third term, the following entry appeared of record: " The parties come and the defendants withdraw their plea, and also their appearance by them heretofore entered," &c. The plaintiff contended, that as all the defendants appeared and pleaded to the

action, the objection as to want of service on any of the defendants was waived, but the court said, "the record, however, shows that the appearance and plea were withdrawn, which, left the case as if there had been no appearance and plea."

In the report of the case of Mechen *v.* McCoy, 3 Watts & Sergeant, 501, no copy of the entry on the record is given. The syllabus of the case is this: " If an attorney appear for a defendant and plead to issue, and afterwards the appearance and pleas be withdrawn by leave of the court, the cause stands as if there had been no appearance." GIBSON, C. J., in delivering the opinion of the court, uses this language: " The court permitted the defendant's attorney to withdraw his appearance and plea at the trial, and instantly gave judgment for the plaintiff."

How the withdrawal was entered upon the record we cannot know, as no copy is given; but I imagine, the original record from Pennsylvania would show no more than appears in the Indiana case, or the one now before us. The court in Indiana might, with propriety, have used the same language in reference to the withdrawal of the plea in that case, that Chief Justice GIBSON did, because the presumption is, when the record states the withdrawal of an appearance that it was done by permission of the court.

It was urged, in the case of Michew *v.* McCoy, that the withdrawal of the appearance and plea, was understood at the time, to be a confession of judgment. But the court said, " No such understanding is apparent in the case, as it stands on the record, by which alone we must be guided. There certainly was no confession before the attorney's appearance was withdrawn; and he was *incompetent to bind the defendants* after he had ceased to represent them."

In this case, the withdrawal of the defendant's appearance not served with process, left the case, as to him, in the same position as if his appearance had never been entered, and in my opinion, the judgment against him was erroneous.