## JOHN W. NORRIS

### v.

## MERCHANTS NATIONAL BANK OF DEADWOOD, DAKOTA.

*Attachment—National Banks—Statutes—Waiver of Privilege—Plead-ing.*

1.  A plea of the general issue is a waiver of all matter of abatement.

2.  The effect of congressional legislation in relation to national banks prior to the act of July 12, 1882, was to prohibit the issue by State courts of attachments against them. If such prohibition continues, it is a privilege which may be waived.

[Opinion filed January 16, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILBER, ELDRIDGE & CLARK, for plaintiff in error.

Messrs. FAIRCHILD & QUEENY, for defendant in error.

GARY, J.    On the 18th of August, 1887, the plaintiff filed in the Superior Court his affidavit and bond for an attachment against the defendants.    On the same day a writ of attachment was issued and served upon garnishees, and on the 24th the plaintiff filed his declaration.    On the 31st the attorneys of the defendants entered the special appearance of the defendants, "for the purpose of moving to dismiss the suit for want of jurisdiction."    September 7th a garnishee answered, acknowledging indebtedness to the defendants.    September 21, 1887, defendants filed the general issue, and November 7th, moved the court to dismiss the suit for want of jurisdiction, which motion the court took under advisement until April 7, 1888, and then denied it.    April 21st, on the motion of the defendants, the court set aside the order of the 7th, gave the defendants leave to withdraw their plea, and dismissed the suit, and on the 28th refused to set aside this last order.

It is upon these proceedings that the plaintiff now assigns error.

It is undoubtedly true that before the act of July 12, 1882, amending the national banking law, the effect of the voluminous legislation by Congress in relation to national banks did prohibit the issuance of attachments out of State courts against them.    Butler v. Coleman, 124 U. S. 721.

Whether that act, which provides that the jurisdiction for suits against them shall be the same as, and not other than the jurisdiction for suits against banks not organized under any law of the United States, removes that prohibition, is a debatable question.    It is not necessary to consider it in this case, for if the prohibition continues, it is a personal privilege of the defendants, which they may waive (Kenney v. Greer, 13 Ill. 432), as they have done.

The defendants did not move to dismiss the suit until November 7, 1887, although August 31st they had entered a special appearance, as they said, for that purpose, and in the meantime, September 21st, they had pleaded the general issue. All matter in abatement was thereby waived.    Roberts v. Thompson, 28 Ill. 79.    A suit *in rem* had become a suit *in personam*.

It is not necessary to consider whether it would have been a proper exercise of discretion for the court to have permitted the defendants to withdraw their general appearance to enable them to urge an objection which did not touch the merits (Dana v. Adams, 13 Ill. 691), as no such leave was given or asked.    Withdrawing the plea only, left the appearance unaffected.    See case last cited, and Dart v. Hercules, 34 Ill. 395.

The judgment must be reversed and the cause remanded for further proceedings upon the merits.

*Reversed and remanded.*