## ALLAN MCDONALD ET AL.

### v.

## THE FIRST NATIONAL BANK OF MARQUETTE.

*Attachment—Banks in Another State—Practice—Replication.*

This court affirms, in the case presented, the judgment of the trial court quashing an attachment issued by a court of this State against the property of a solvent national bank located in another State.

[Opinions filed November 2, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. RICH & STONE and W. J. DURHAM, for plaintiffs in error.

Messrs. PECKHAM & BROWN, for defendant in error.

GARY, J. The plaintiffs here were plaintiffs below, and sued out an attachment in aid of an action on the case which they had commenced against the bank in the Superior Court. On motion of the defendant appearing specially only to make those motions, the court first quashed the attachment, and afterward dismissed the suit. The bank is located at Marquette, Michigan.

The first question upon this record is whether an attachment may be issued by a court of this State against the property of a solvent national bank, located in another State. The act of Congress of July 12, 1882, Chap. 290, Sec. 4, contains this proviso : "Provided, however, that the jurisdiction for suits hereafter brought by or against any association established under any law providing national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking

business where such national banking associations may be doing business when such suits may be begun; and all laws and parts of laws of the United States inconsistent with this proviso be, and the same are hereby repealed."

There is no case reported which is exactly in point. In Pacific National Bank v. Mixter, 124 U. S. 72, where the history of the legislation upon the subject is given, the language of Waite, C. J., covers, and was doubtless intended by him and the court to cover, all the questions in this case; but the suit originated in a Circuit Court of the United States, the bank against which the attachment issued was insolvent, and the attachment was issued before the act of 1882 was passed. The case was decided, however, in 1888; the act of 1882 is referred to, and speaking in the present tense he says : " It stands now, as it did originally, as the paramount law of the land that attachments shall not issue from State courts against national banks." And see Norris v. Merchants Bank, 30 Ill. App. 54.

In Bank of Montreal v. Fidelity National Bank, 1 N. Y. Sup. 852, 17 N. Y. State Rep. 88, where the attachment was quashed, and the decision afterward affirmed by the Court of Appeals in 112 N. Y. 667, on the authority of Pacific National Bank v. Mixter, 124 U. S. 721, but without any opinion by the Court of Appeals, the Fidelity was secretly insolvent when the attachment was issued, yet, as no act of insolvency had in fact been committed, the lower court held that such secret insolvency cut no figure in the case.

Before that decision it had been the doctrine of the New York courts that attachments in the State courts against national banks were prohibited only as to such as were insolvent, etc. Raynor v. Pacific Nat. Bk., 93 N. Y. 371.

And in this last case the court, commenting on the act of 1882, construe it as not repealing the prohibition of attachment against solvent banks. It is true the effect of the act of 1882 was not a question in that case, as the attachment was sued out before the act was passed.

Assuming that the secret insolvency was immaterial in Bank of Montreal v. Fidelity Nat. Bk., that case is authority in this. However plausible, if not true, the argument that as a court

of this State may issue an attachment to seize, in this State, the property of a bank " not organized under any law of the United States" which is located out of this State, on the ground simply of non-residence, therefore it has, under the act of 1882, jurisdiction to do the same thing as to the property of a national bank located out of this State; still, in the face of the emphatic declaration as to what the law is, by the Supreme Court of the United States, adopted and followed by the Court of Appeals in 112 N. Y., we can not sustain this attachment, and the judgment of the Superior Court quashing it, is therefore affirmed.

But the court went further in the original action; the plaintiffs caused an original and alias summons to be issued against the defendant, which being returned not found, they proceeded to publish and mail under the provisions of the amendment of 1887 to Sec. 4 of the Practice Act of 1872. What might be the effect of a judgment, if taken, or whether judgment might be taken upon such a service, we are not called upon to decide. The proceeding is authorized by the statute. If it served only to amuse the plaintiffs and is void as to the defendant, that is not a cause for dismissing it. The defendants have their choice to appear in answer to the publication, or disregard it and risk the consequence.

The judgment dismissing the suit and for costs, is reversed, and the cause remanded, without costs in this court to either party.

*Affirmed in part and reversed in part and remanded.*