[S. F. No. 11743. In Bank.—January 15, 1926.]

## De RECAT CORPORATION (a Corporation), Respondent, v. B. J. DUNN, Appellant.

[1] TRIAL — ATTORNEY AND CLIENT — RESIGNATION OF ATTORNEY — NOTICE OF FURTHER PROCEEDINGS—CONSTRUCTION OF SECTION 286, CODE OF CIVIL PROCEDURE.—Section 286 of the Code of Civil Procedure, which provides that "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person," has no application in a case where the attorney of record for defendant, while still continuing in the practice of the law, withdraws from the case upon the eve of the trial thereof; and under the circumstances presented in this action, in which counsel for defendant on the evening of the day preceding the date of trial served a notice upon plaintiff's attorney of record that they resigned as attorneys of record for defendant and on the following day filed a copy of said notice and of their said resignation with the clerk of the court, the trial court did not abuse its discretion in proceeding with the trial at the time set.

(1) 38 *Cyc.*, p. 1272, n. 51 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to set aside said judgment. J. T. B. Warne, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Edwin V. McKenzie and Frank J. Mahoney for Appellant.

Arnold C. Lackenbach for Respondent.

RICHARDS, J.—This appeal is from a judgment herein in favor of the plaintiff and against the defendant and appellant B. J. Dunn, and also from an order denying the said defendant's motion to set aside said judgment upon the

1. See 3 Cal. Jur. 634; 2 R. C. L. 961.

ground hereinafter to be stated. The action was one for money had and received and was commenced by the plaintiff on June 5, 1923, against all three of the defendants, doing business as copartners under the firm name and style of Dunn, Hurst & Martin, who were all duly served with process. The defendants Hurst and Martin defaulted and their defaults were duly entered. The defendant Dunn answered on August 15, 1923. On December 12, 1923, the plaintiff moved the trial court to set the cause for trial and an order was accordingly made setting the cause for trial upon March 1, 1924, of the making of which order notice was duly given to the attorneys who were at that time the attorneys of record for said defendant Dunn. On the date so set for the trial of said cause it was continued for trial to the twenty-sixth day of August, 1924. On or about August 21, 1924, Mr. V. G. Skinner, one of the attorneys of record representing the defendant Dunn, called up Mr. Lackenbach, the attorney of record for the plaintiff, and requested a postponement of the trial, giving as the reason therefor the asserted fact that he and his associate, Mr. Lemberger, had been representing Mr. Dunn in a number of actions and that Dunn had failed to pay their fee for such services rendered and that he did not wish to try said case unless Dunn paid his said attorneys their fee. The request of Mr. Skinner was acceded to and accordingly Mr. Lackenbach appeared in court on the day set for trial and suggested a continuance of the cause, which request was granted and the cause continued to be reset. On or about September 15, 1924, counsel for plaintiff appeared in court with a request that the cause be reset for trial upon September 25, 1924, which request the court granted. On September 19, 1924, notice of the setting of the cause for trial upon September 25, 1924, at the hour of 2 P. M., was duly served upon said A. F. Lemberger and V. G. Skinner as attorneys of record for the defendant Dunn. On the evening of September 24, 1924, the said attorneys of record for defendant Dunn served a notice upon Mr. Lackenbach, the plaintiff's attorney of record, that they had resigned as attorneys of record for said defendant Dunn and on the following day filed a copy of said notice and of their said resignation with the clerk of said court. Upon September 25, 1924, at the time set for the trial of said cause, plaintiff's counsel, Mr. Lackenbach, appeared and upon the case

being called for trial stated substantially the foregoing facts to the court and further stated that the plaintiff, who was an indispensable witness in the case, was compelled to leave California for the east, where he was permanently to reside, and that he, therefore, insisted upon going on with the trial of the cause. Neither the defendant Dunn nor his counsel was present and the fact of the attempted resignation of his said counsel from the case was brought to the court's attention. The court proceeded with the trial of the cause, with the result that a judgment was presently rendered and entered in the plaintiff's favor. Thereafter, and on October 3, 1924, the defendant Dunn appeared in court by his then counsel, Frank J. Mahoney, and moved the court to set aside and recall its aforesaid judgment, offering in support of said motion the judgment-roll and papers in the case, including the said notice of resignation of said defendant's former attorney of record theretofore filed. Upon this showing Mr. Mahoney stated the contention of himself and his client to be that the court was without jurisdiction to render said judgment at the time the same was rendered and entered by virtue of the provisions of section 286 of the Code of Civil Procedure. It was thereupon conceded by plaintiff's counsel that no such notice as is provided for in said section of the code had been given. In response to said motion plaintiff's counsel presented his own affidavit setting forth substantially the facts with relation to the several settings of said cause for trial and the continuances thereof for various reasons as hereinabove set forth, and also stating the facts relating to his client's compulsory departure from the state of California, which had induced his insistence upon the trial of said cause upon the date last set therefor. It further appeared upon said hearing that the defendant Dunn had been notified on the day before the trial of said cause of the resignation of his former counsel, who had at the time informed him that the case could not go to trial upon the following day because of the operation and effect of section 286 of the Code of Civil Procedure. The matter having been submitted to the court, the motion to set aside said judgment was denied and thereupon this appeal from said judgment and from said order denying the said defendant's motion to set aside the same was taken.

[1] The sole question presented upon this appeal is as to the operation and effect of section 286 of the Code of Civil Procedure upon the situation as presented by the foregoing admitted facts. Section 286 of the Code of Civil Procedure reads as follows: "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

The phrase in said section which is brought immediately under review is that reading "ceases to act as such," the contention of the appellant being that the interpretation to be put upon said phrase is "ceases to act as the attorney for the particular party to an action for whom he *was* formerly acting as attorney," while on the other hand, the respondent insists that this phrase in said section means "ceases to act as an attorney"; or, in other words, "ceases to be an attorney." In the absence of direct authority in the decisions of the courts of this state, we are thus put to a study of the origin and history of this section of our Code of Civil Procedure for what light these may shed upon the interpretation to be placed upon this particular clause therein. It would seem to be fairly beyond dispute that section 286 of the California Code of Civil Procedure came directly into our jurisprudence from a like section of the New York Code of Civil Procedure existing therein in practically identical form at the time of the original adoption of our California codes. The section of the New York Code of Civil Procedure then in existence was codified therein from 2 Revised Statutes of New York, page 287 (edition of 1829) and to have been ingrafted therein from an act of the New York legislature adopted in 1787 (c. 35, sec. 4), which reads as follows: "When any attorney shall die, or cease to act, or be put out of the roll of attorneys, the persons for whom he was attorney shall be warned to appoint another attorney in his place so that in the meantime no damage or prejudice may come to the party." (1 Laws of New York [Greenleaf] 1778–1787.) The foregoing provisions of the New York statutes and codes do not seem to have been made the subject of any direct interpretation by the courts of that state bearing upon the meaning to be given to the phrase

"ceases to act" therein, but apparently this particular provision in the laws of New York has been carried into the statutes of other and later formed commonwealths since it appears in practically identical language therein. The state of Michigan adopted a similar provision prior to 1872, as appears from the Compiled Laws of Michigan of that year (Comp. Laws, sec. 5630), the language of which is substantially identical with that of our own code section. In the case of *Coon* v. *Plymouth Plank Road Co.,* 32 Mich. 248, the said provision came before the supreme court of that state for interpretation in a case not distinguishable as to its facts from the case at bar, and in which Mr. Justice Cooley, after quoting the provision of the Michigan statute, said: "We do not understand this to apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice. It might be made the means of serious mischief, if it could have such a construction. The plain meaning of the statute is to provide for cases in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court. His refusal to proceed in a particular case is not ceasing 'to act as such' attorney or solicitor; it does not even disconnect him with the case; for that can only be accomplished by consent of the parties, or of the court, or by regular proceedings for the substitution of another." The concluding clause in the foregoing excerpt from the opinion of Mr. Justice Cooley is in harmony with the doctrine early enunciated by the supreme court of the United States in the case of *United States* v. *Curry et al.,* 47 U. S. (6 How.) 106 [12 L. Ed. 363, see, also, Rose's U. S. Notes], wherein it was held that "no attorney or solicitor can withdraw his name after he has once entered it on the record without leave of the court." This rule was reaffirmed by the same high tribunal in the case of *Rio Grande I. & Col. Co.* v. *Gildersleeve,* 174 U. S. 603 [43 L. Ed. 1103, 19 Sup. Ct. Rep. 761, see, also, Rose's U. S. Notes], from the decision in which case it appears that a similar rule had been given effect in the states of Massachusetts, Illinois, and Indiana. (See *Fay* v. *Hayden,* 7 Gray (Mass.), 41; *Dana* v. *Adams,* 13 Ill. 691; *Sloan* v. *Wittbank,* 12 Ind. 444.) These cases and others of later decision are collated and cited in support of the text to the same effect in 1

Thornton on Attorneys at Law, pages 242–256. The case
of *Branch* v. *Walker*, 92 N. C. 87, cited by the above author,
is an instructive case touching the power of an attorney of
record to withdraw at will from the case. The court in
dealing with that subject says: "It is a mistaken notion
that an attorney can become counsel of record in an action,
and cease to be counsel at his own will, pleasure and con-
venience. He is, in an important sense, an officer of the
court, and under its direction and control in respect to
matters affecting the court and the administration of public
justice, and as soon as he is duly retained in an action or
proceeding, he has, by virtue of his office, authority to man-
age and control the conduct of the action on the part of
his client during its progress, subject to the supervision
of the court, and he is the proper person on whom notice
should be served in respect to matters pertaining to the
conduct of any proceedings in it after it is brought; and
his authority and responsibility continue until it is com-
pletely determined by the court wherein it is pending."

Section 286 of the Code of Civil Procedure was adopted
in this state in the year 1872, and has since remained in
substantially its original form, and while, as we have seen,
this court has not heretofore been called upon to give its
judicial interpretation to the particular clause therein here
under review, certain other states which have also ingrafted
a similar provision upon their codes or statutes have done
so. In the case of *McInnes* v. *Sutton,* 35 Wash. 384 [77
Pac. 736], the supreme court of that state, in a situation
substantially identical with that presented upon this appeal,
held upon the authority of *Coon* v. *Plymouth Plank Road
Co., supra,* that the phrase in the code provision of that
state "ceases to act as such" did not relate to the voluntary
refusal of an attorney for a party to proceed with a case
when it is regularly called for trial and the adversary is pre-
pared with his witness to proceed. "If such were the mean-
ing of the statute," says the court, "it could, by collusion
between attorney and client, easily be used as a means of
effecting at least a twenty days' delay, which, in some in-
stances, might amount to a practical denial of justice. The
relation of attorney and client, when once established in a
case, is not to be so easily severed, when the rights of others
depend thereon. The interdependent relation is such that

what is the client's duty is often the attorney's duty, and
the client cannot escape his obligation to the court and to
his adversary to proceed with a trial, for the mere reason
that his duly appointed confidential agent—his attorney—
may have declined to act." The supreme court of Washing-
ton in said case referred approvingly to the discussions of
the supreme court of the United States above cited with
reference to the power of an attorney of record in a case
to delay the trial thereof by an attempted withdrawal from
the case and held that the trial in that case proceeded regu-
larly, notwithstanding such attempted withdrawal of counsel
for the defendant, and approved the action of the trial court
in refusing to set aside a judgment entered therein. In
the case of *Van Cott* v. *Wall,* 53 Utah, 282 [178 Pac. 42],
the same precise question was presented to the supreme court
of that state in the interpretation of a section of the Com-
piled Laws thereof identical in form with our own code
section. (Comp. Laws 1907, sec. 119), and wherein the said
court adopted the interpretation placed upon the phrase
"ceases to act as such" approved by the supreme court of
Washington in the case above cited, and further quoted with
approval the language of the supreme court of Michigan in
the case of *Coon* v. *Plymouth Plank Road Co., supra.* The
court further called attention to a decision of this court in
the *Matter of Bollinger's Estate,* 145 Cal. 751 [79 Pac. 427],
wherein it was held that the trial court did not err or abuse
its discretion in refusing a further continuance of a con-
test in a probate matter after counsel for the contestant
had attempted to withdraw from the case and after their
client, having had opportunity to do so, had failed to employ
other counsel. In that case this court said: "If a contest
of a will is initiated in good faith and the contestant shows
due diligence every opportunity should be given for a full
investigation of the issues made by the contestant, but if
a contest must be continued for an indefinite time every
time an attorney withdraws from the case there would be
no end to the matter." Counsel for the appellant seems to
rely strongly upon the decision of the district court of ap-
peal in the case of *McMunn* v. *Lehrke,* 29 Cal. App. 298
[155 Pac. 473], wherein that court appears to have adopted
the interpretation of section 286 of the Code of Civil Pro-
cedure, for which the appellant herein is contending. In

that case, however, the record discloses that the question of the interpretation to be given to the phrase "ceases to act as such" was not presented in the light of the origin or history of said section of our code nor with any citation of authority, but was merely assumed to bear the meaning assigned to it without mature discussion or consideration. We cannot approve the language of said court in the interpretation placed by it upon this section of the code or of the particular phrase therein here under review. While it is true, as was said by this court in the *Matter of Bollinger's Estate, supra,* that litigants should be given a fair opportunity to present the merits of their case, we are satisfied that no sufficient or compelling ground was presented by the attempted withdrawal of the appellant's attorneys of record from the case upon the eve of the trial thereof; and that the trial court did not abuse its discretion in proceeding with the trial thereof and in entering judgment therein in plaintiff's favor under the circumstances of this case.

The judgment and order are affirmed.

Shenk, J., Seawell, J., Lennon, J., Curtis, J., and Waste, C. J., concurred.