[Civ. No. 3001.   Third Appellate District.—January 28, 1926.]

## C. N. NEWMAN, Respondent, v. CHARLES A. MENNE et al., Appellants.

[1] TRIAL—WITHDRAWAL OF ATTORNEYS—JUDGMENTS—EXECUTION—AFFIDAVITS—SUFFICENCY OF.—An order granting a motion to vacate a judgment in favor of a defendant and recalling execution issued on said judgment is not justified by an affidavit which states that the attorneys for the plaintiff withdrew and ceased to act as attorneys for plaintiff on the day before the trial of the case, and that ever since said day said attorneys had not acted as attorneys for plaintiff in the case, and that plaintiff has not been required by the adverse party, by written notice or otherwise, to appoint another attorney, or to appear in person.

[2] ID. — APPEAL — DEPOSITIONS — JURISDICTION. — An appeal from an order vacating the judgment and recalling the execution which had been issued thereon did not have the effect of staying all proceedings in the trial court and of depriving the latter court of jurisdiction to order a commission to take testimony.

---

(1) 34 C. J., p. 327, n. 47.   (2) 3 C. J., p. 1268, n. 23, p. 1273, n. 59.

APPEAL from an order of the Superior Court of San Joaquin County vacating judgment and recalling execution, and from an order directing issuance of a commission to take depositions. C. W. Miller, Judge. Order vacating judgment and recalling execution reversed. Order directing issuance of commission to take depositions, affirmed.

The facts are stated in the opinion of the court.

---

2.   See 2 Cal. Jur. 419.

A. H. Carpenter for Appellants.

A. V. Scanlan for Respondent.

FINCH, P. J.—There are two appeals in this case, on a single transcript. The first is from an order vacating the judgment entered in the action in favor of the defendant and recalling the execution issued thereunder. The second is from a subsequent order directing the issuance of a commission to take the depositions of certain witnesses residing in another state. The second order was made after the defendant had given notice of appeal from the first.

The action came on regularly for trial on the fourth day of February, 1925. "The plaintiff neglected and failed to appear in said court and cause, or to offer any evidence in his own behalf, and thereupon judgment was entered . . . against the said plaintiff, and in favor of the defendants" for their costs. Thereafter, on the twenty-second day of April, 1925, plaintiff served and filed notice of motion for an order vacating the judgment and recalling the execution which had been issued thereon, on the ground that the court was without jurisdiction to render the judgment. In support of the motion the plaintiff made affidavit as follows:

"C. N. Newman, being first duly sworn, deposes and says: that he now is, and at all times herein mentioned was, the plaintiff in the above entitled action; that Foltz, Rendon & Wallace were attorneys for said plaintiff prior to the 3rd day of February, 1925, that on said 3rd day of February, 1925, said Foltz, Rendon & Wallace served a notice of withdrawal as such attorneys on said plaintiff, and that said attorneys forthwith ceased to act as attorneys for said plaintiff on said 3rd day of February, 1925, and ever since said date have not acted as such attorneys for said plaintiff in the above entitled action; that said plaintiff has not, at any time heretofore, been required by the adverse party appearing herein, to-wit, the defendant Charles A. Menne, or by any other person or persons, by written notice or otherwise, to appoint another attorney, or to appear in person."

[1] The court granted the motion and "ordered that . . . the said judgment is hereby vacated, set aside, annulled and cancelled, and that the said execution be recalled and returned without service." The affidavit does not state facts

sufficient to support the order. (*De Recat Corp.* v. *Dunn,* 197 Cal. 787 [42 A. L. R. 1342, 242 Pac. 936].)

[2] In view of the necessity of reversing the first order, the appeal from the second order becomes unimportant. Appellants contend that the effect of the appeal from the first order was to stay all proceedings in the trial court and that, therefore, the court was without "jurisdiction to order a commission to take testimony." The supreme court has held to the contrary. (*San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [17 Ann. Cas. 933, 99 Pac. 359].)

The order vacating the judgment and recalling execution is reversed and the trial court is directed to deny the motion therefor.

The order directing the issuance of a commission to take the depositions of witnesses outside of the state is affirmed.

Hart, J., and Plummer, J., concurred.