[Civ. No. 19600.   First Dist., Div. Two.   Apr. 17, 1961.]

THOMAS GION, Appellant, v. TANDY L. STROUD et al., Respondents.

Miroyan, Moore & Dana for Appellant.

M. J. Rankin for Respondents.

SHOEMAKER, J.—This is an appeal by the plaintiff and cross-defendant Thomas Gion from an order denying his motion to set aside a default judgment rendered against him.

Plaintiff brought this action to foreclose a mechanic's lien. Defendants answered and cross-complained for money damages for breach of contract. Plaintiff was represented by attorney Robert Mezzetti. On August 14, 1959, a pretrial conference was held at which only defendants' attorney appeared, Mezzetti having advised the court by letter incorporated in the file that although he was still attorney of record for plaintiff, he no longer represented him and would not be present. The case was set for trial on September 30, 1959, and notice thereof was duly served upon Mezzetti. On August 24, 1959, Mezzetti gave notice to his client and defendants that he would move the court to authorize his withdrawal, and on August 26, 1959, the court permitted his withdrawal. A copy of this order was served upon plaintiff on August 31, 1959. On said date Mezzetti also wrote to the plaintiff, informing him that the case had been set for trial on September 30, 1959, and that unless plaintiff appeared or secured another attorney to appear for him, he would lose his case and defendants would take judgment against him on the cross-complaint. A copy of this letter was likewise filed with the court on September 1, 1959, and a copy was also forwarded to the attorney for defendants. On September 30, 1959, defendants appeared before the Superior Court of Alameda County. Plaintiff did not appear, either personally or by counsel. Thereupon, evidence was presented on behalf of the defendants and on October 1, 1959, judgment was entered that plaintiff take nothing by his complaint and that defendants recover judgment on their cross-complaint.

On May 26, 1960, plaintiff filed a motion to set aside the default judgment on the ground that no notice had been

given him by defendants to appoint another attorney or to appear in person, as required by Code of Civil Procedure, section 286. It is from the denial of this motion that plaintiff appeals.

The appellant's contention on this appeal is the same that he urged on the trial court, namely, a failure on the part of respondents to comply with Code of Civil Procedure, section 286. That section provides:

"When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

There is no merit in appellant's position, for there is California law directly on the point that Code of Civil Procedure, section 286, applies only when an attorney has died or ceased to be an attorney and not when he has ceased to act for his client in a particular case (*De Recat Corp.* v. *Dunn* (1926), 197 Cal. 787 [242 P. 936, 42 A.L.R. 1342] ; *Jones* v. *Green* (1946), 74 Cal.App.2d 223, 231 [168 P.2d 418].) In the De Recat case, the defendant's attorney attempted to withdraw from the case on the day before trial, and informed the defendant at that time that the case could not go to trial because of the effect of Code of Civil Procedure, section 286. Defendant appealed from the order denying his motion to set aside the judgment rendered against him on the ground that there had been no written notice pursuant to Code of Civil Procedure, section 286. The court, in affirming the judgment, reviewed the legislative history of section 286 and quoted from a Michigan judgment which, after reciting the provisions of a similar statute, stated:

" 'We do not understand this to apply to a case where a practicing attorney for any reason declines to go on with a particular case while still continuing in practice. It might be made the means of serious mischief, if it could have such a construction. The plain meaning of the statute is to provide for cases in which the attorney or solicitor, by reason of death, disability, or other cause, has ceased to practice in the court. His refusal to proceed in a particular case is not ceasing "to act as such" attorney or solicitor; it does not even disconnect him with the case; for that can only be accomplished by consent of the parties, or of the court, or by regular proceedings for the substitution of another.' " [P. 791.]

The obvious purpose of section 286 is to provide for notice to a party who might otherwise be taken unawares. Since appellant was informed by his attorney that by court permission he had withdrawn from the case and that he should either secure another attorney or appear himself, it is apparent that appellant had all the notice to which he was entitled.

We have dealt with this appeal upon the grounds presented by counsel. However, our own consideration in the case leads us to believe that the order denying appellant's motion to vacate the judgment is not an appealable order under the circumstances of this case and would justify a dismissal of the appeal (see 3 Witkin, California Procedure, Appeal, § 26, p. 2170.)

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.