No. 12442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

SIKORSKI & SONS, INC.,

Plaintiff and Appellant,

-vs-

ED R. SIKORSKI,

Defendant and Respondent.

---

Appeal from: District Court of the Sixteenth Judicial District,
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

Gene Huntley argued, Baker, Montana

For Respondent:

Lucas, Jardine & Monaghan, Miles City, Montana
Thomas M. Monaghan argued, Miles City, Montana
John R. Prater appeared, Ronan, Montana
R. W. Heineman, Wibaux, Montana

---

Submitted: June 20, 1973

Decided: JUL 2 4 1973

Filed: JUL 2 4 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff corporation from an order setting aside and vacating a default judgment.

This case concerns a family farming corporation, Sikoriski & Sons, Inc. Suit was instituted in the district court of the sixteenth judicial district, Fallon County, by plaintiff corporation against one of its stockholders, Ed R. Sikorski, to enjoin him from coming on corporate property and from harassing corporation officers and employees and to require him to surrender certain corporate property which he had secreted. Complaint was filed February 3, 1968. An order to show cause was issued on the same day, returnable February 9, 1968, requiring defendant to show cause why plaintiff should not have its injunction pendente lite.

The complaint described the ownership of each corporate stockholder, and also alleged that since May 1960, Ed R. Sikorski had owned 364 shares with his first wife, Frances F. Sikorski, as joint tenants, and one share individually. Specifically, the complaint alleged that Ed R. Sikorski in about 1960 or 1961, secured from the family corporation records about eleven stock certificates.

Summons, complaint and order to show cause were served February 5, 1968. After being served Ed R. Sikorski consulted with counsel. By informal agreement between his counsel and counsel for the corporation, the hearing on the order to show cause of February 9, 1968, was continued. Nothing further happened until April 12, 1968, at which time counsel for Ed R. Sikorski formally withdrew. Ed R. Sikorski consented, in writing, to this withdrawal.

On April 17, 1968, plaintiff corporation asked that the default of defendant, Ed R. Sikorski, be entered. On May 13, 1968, judgment was taken. In its findings of fact, the district court found that Ed R. Sikorski owned 364 shares of stock as tenant in common with Frances F. Sikorski, and one share individually. Among other things, the district court also found that Ed R. Sikorski in about 1960 or 1961 secured from the corporation records of the plaintiff stock certificates numbered 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 which belonged to other members of the corporation and had refused to deliver

them upon demand.

The district court concluded that Ed R. Sikorski's interest in the corporation was that of a stockholder and his ownership was 183 shares out of a total 1,003 issued. Judgment was entered for the relief sought.

Certified copies of the findings of fact, conclusions of law and judgment were served on defendant, Ed R. Sikorski, on June 14, 1968. Ed R. Sikorski died on June 28, 1969. From the time the complaint was served on February 5, 1968, defendant Ed R. Sikorski did nothing with respect to the action, except have the hearing of February 9, 1968, continued.

On October 31, 1969 Veronica Sikorski, the second wife of Ed R. Sikorski and the administratrix of his estate, filed a complaint against plaintiff corporation to have a receiver appointed, to liquidate the corporation, and for other relief.

On December 9, 1969, Veronica Sikorski in the instant action petitioned the court to set aside, vacate, and modify the judgment, asking for equitable relief under Rule 60(b), M.R.Civ.P. The petition was never ruled upon.

On March 29, 1972, plaintiff corporation was served by Veronica Sikorski with a motion for order setting aside and vacating judgment. The basis for this motion was that Ed R. Sikorski should have been served with notice to appoint another attorney before being defaulted and plaintiff should have served a notice of application for default judgment because Ed R. Sikorski had appeared in the action against him. The motion was set for hearing on April 18, 1972, which was continued for the convenience of counsel involved.

After three district judges had disqualified themselves, District Judge Sorte assumed jurisdiction on May 26, 1972. On July 28, 1972, it was ordered that the hearing on the motion for order setting aside and vacating judgment be set for September 8, 1972. By agreement of counsel for all parties, the order setting the hearing on September 8, 1972 was vacated. Counsel agreed to submit the matter on written briefs. Counsel for plaintiff

was given until October 15, 1972 to file a brief.

The district court took the motion under advisement and on November 29, 1972, ruled that the judgment be set aside. The district court concluded: that it had been without jurisdiction to proceed against Ed R. Sikorski because plaintiff did not serve upon defendant notice to appoint another lawyer; that it was without jurisdiction because plaintiff did not give notice to defendant of application for judgment as required under Rule 55(b)(2), M.R.Civ.P.; and, that the "JUDGMENT exceeds the prayer of plaintiff's complaint in that it designates specific certificates of stock to be returned to plaintiff by defendant when the prayer of the complaint only generally refers to certificates of stock * * *". On December 5, 1972, plaintiff filed its exceptions to the findings of fact, conclusions of law, and order setting aside and vacating the judgment.

On December 11, 1972, the district court in denying the exceptions said:

> "It is clear that failure to give notice of entry of judgment is not a jurisdictional defect. However, the Court feels that there are general equity powers to set aside the judgment so the matter can be tried on the merits and before a jury."

Plaintiff presents seven issues on appeal. Two are: (1) Whether under section 93-2104, R.C.M. 1947, an adverse party is required to advise the opposite party to appoint another lawyer or appear for himself when the opposite party's lawyer, with the consent of that party, withdraws from the case; and (2) whether the judgment can be set aside because plaintiff failed to serve notice of application for default judgment on Ed R. Sikorski. The remaining five issues raise questions concerning the Montana Rules of Civil Procedure and can be consolidated into one general issue: whether the Montana Rules of Civil Procedure have been followed in setting aside the judgment?

Section 93-2104, R.C.M. 1947, provides:

> "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse

- 4 -

party, by written notice, to appoint another attorney or appear in person."

There has been no case decided by this Court interpreting the requirement of section 93-2104, R.C.M. 1947, involving a situation where an attorney withdraws from a case with the consent of his client. Counsel for plaintiff argues that because there was no alleged appearance by Ed R. Sikorski, notice to appoint another attorney was not required. While we agree with plaintiff's conclusion that notice is not required under the circumstances of this case, we do so for different reasons.

13 California Code of Civil Procedure, § 286, is identical to Montana's statute section 93-2104, R.C.M. 1947. The California court in Gion v. Stroud, 191 C.A.2d 277, 12 Cal.Rptr. 540, 542, said:

" * * * for there is California law directly on the point that Code of Civ. Proc. § 286 applies only when an attorney has died or ceased to be an attorney and not when he ceased to act for his client in a particular case."

See also: California Water Serv. Co. v. Edward Sidebotham & Son, Inc. 224 C.A.2d 715, 37 Cal.Rptr. 1.

This rule of law is not all-inclusive, but is applicable here. No appearance had ever been made by Ed R. Sikorski.

Edward R. Sikorski's attorney withdrew from the case and ceased to act for his client. Therefore, the notice provided for in section 93-2104, R.C.M. 1947, was not required to be given before any further proceedings could be instituted against Ed R. Sikorski. For this reason the district court was not without jurisdiction when it entered the default judgment.

The district court also concluded that it was without jurisdiction to proceed against Ed R. Sikorski because the plaintiff failed to serve upon him the written notice of application for judgment as required by Rule 55(b)(2), M.R.Civ.P. Counsel for plaintiff argues since there was no alleged appearance by Ed R. Sikorski that notice of the application was not required under the rule.

The pertinent provision of Rule 55(b)(2), M.R.Civ.P. is:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served

- 5 -

with written notice of the application for judgment at
least three days prior to the hearing on such application."

This Court in Williams v. Superior Homes, Inc., 148 Mont. 38, 42,
417 P.2d 92, ruled the failure to give a three-day notice was not neces-
sarily a jurisdictional defect and that the irregularity had been waived
by failing for three months to apply for relief.

In the instant case Ed R. Sikorski took no action from the time
the default judgment had been entered until his death, a period of approx-
imately thirteen months. The judgment was attacked for the first time on
December 9, 1969, when Veronica Sikorski petitioned to set aside and vacate
the judgment. Approximately one year and seven months had elapsed. Almost
four years had passed when the motion to set aside and vacate judgment was
filed.

In Williams we held that a failure to give the three-day notice
did not prejudice the defendant in that case because of defendant's own dis-
regard for the rules in applying for relief.

Likewise, we cannot say in the instant case that the failure to
give the three-day notice was a jurisdictional defect. Ed R. Sikorski's
apparent lack of interest in the judgment against him and his obvious dis-
regard for the rules leads us to this conclusion.

Our review of the question of whether the Montana Rules of Civil
Procedure were followed in setting aside the judgment requires an examin-
ation of those rules.

Rule 60(b), M.R.Civ.P., gives the district court, on motion, the
discretion to set aside a final judgment under certain circumstances or for:

"(6) any other reason justifying relief from the operation
of the judgment."

Rule 60(c), M.R.Civ.P. provides:

"Motions provided by subdivisions (a) and (b) of this
rule shall be heard and determined within the times
provided by Rule 59 in the case of motions for new trials
and amendment of judgment."

Rule 59(d), M.R.Civ.P., provides:

"Hearing on the motion shall be had within 10 days
after it has been served * * * except that at any

- 6 -

time after the notice of hearing on the motion has been
served the court may issue an order continuing the
hearing for not to exceed 30 days. In case the hearing
is continued by the court, it shall be the duty of the
court to hear the same at the earliest practicable date
thereafter, and the court shall rule upon and decide
the motion within 15 days after the same is submitted.
If the court shall fail to rule upon the motion within
said time, the motion shall, at the expiration of said
period, be deemed denied."

Here, the motion was served and notice given on March 29, 1972.
The hearing was set for April 18, 1972. This hearing was continued for
the convenience of counsel involved. There is no indication from the
record that the hearing was continued for "not to exceed 30 days."

On May 26, 1972, Judge Sorte assumed jurisdiction but it was not
until July 28, 1972, that he set the motion for hearing on September 8, 1972.

From the time the motion was served until the motion was set for
hearing on September 8, 1972, 163 days had elapsed. The order setting the
hearing date was vacated, and the matter was submitted on written briefs.
On November 29, 1972 when the judgment was ordered set aside, 82 days had
passed from September 8, 1972. A total of 245 days had elapsed from the
date of the service of the motion until it was ruled upon.

Under Rule 59(d), M.R.Civ.P., the maximum amount of time by which
the case could have been extended would have been 55 days from the date of
the service of the motion.

In the recent decision of Cain v. Harrington, ___Mont.___, 506 P.2d
1375, 30 St.Rep. 245, 247, this Court said:

"We believe the purpose of the rule [Rule 59(d), M.R.Civ.P.]
should be adhered to and while we do not wish to be tech-
nical, at the same time we cannot permit deviations."

It is not necessary to discuss at this time other provisions of
the rule which have been set out in the briefs.

The order of the district court vacating the judgment of 1968 is
reversed and the matter remanded to the district court for the purpose of
dismissing the petition of Veronica Sikorski.

_____
Chief Justice

We concur:

_____

_____

_____

_____
                Justices

- 8 -