No. 85-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MONTANA BANK OF ROUNDUP, N.A.,

Plaintiff and Respondent,

-vs-

JOHN A. BENSON & PAM BENSON,
husband and wife, WILLIAM L. BENSON
and KAREN O. BENSON, n/k/a KAREN
HOUGH,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Petroleum,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Harris Law Firm; Linda L. Harris, Billings, Montana

For Respondent:

K. Robert Foster, Bozeman, Montana

---

Submitted on Briefs: Dec. 18, 1985

Decided: March 20, 1986

Filed: MAR 20 1986

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order issued in the Tenth Judicial District, the Honorable Peter L. Rapkoch presiding, in and for Petroleum County, Montana, denying defendants' motion to set aside the default and judgment of default entered in favor of the plaintiffs. We reverse and remand.

The single issue presented by appellants is whether the court erred in denying the Bensons' motion to set aside default and judgment by default.

The defendants/appellants, John and Pam Benson, own and operate a ranch near Melstone, Montana. Their principal source of revenue is sale of sheep and horses. They had been substantial customers of the Montana Bank of Roundup (Bank) for several years. We will spare the reader a lengthy discourse on the recent and less than harmonious relationship between the Bensons and the Bank. It is sufficient to set forth the following: Bensons and the Bank had negotiated a loan through the Farmers Home Administration (FHA), whereby FHA guaranteed 90% of the loan after liquidation of all collateral. In addition, the Bank approved a $64,000 credit line for the Bensons' operating expenses. Collateral included real estate equity, equipment, sheep and horses, and any increase in any sheep and horses. Serious losses of livestock in the fall of 1984 rendered the Bensons insolvent and the Bank deemed itself insecure. A complaint filed by the Bank alleged default in the security agreements and that it had deemed itself insecure. Contemporaneously, a motion for a temporary restraining order and preliminary injunction were presented. A temporary restraining order was issued, and after a hearing on the motion for preliminary injunction, an injunction incorporating the temporary restraining order was issued. The Bank's efforts to gather its collateral were met

2

with extraordinary resistance by the Bensons. Bank officials eventually believed they had reasonable grounds to fear for their safety and then attempted to enforce the Bank's rights in court.

A notice of intention to take default was personally served on Bensons' counsel who responded by way of a motion to withdraw and a motion for continuance. Bensons were served a notice of hearing on the combined motion, but did not appear. Consent to withdraw was granted, and the withdrawing attorney was ordered to notify Bensons. The motion for continuance was not ruled on. Bensons claim they did not receive notice of their attorney's withdrawal, and there is no evidence in the record of any notice to Bensons. This Court can review only what is in the record.

> . . . [I]n the absence of the evidence from the record we are precluded from inquiring whether it is sufficient to sustain the findings, since error or prejudice cannot be presumed.

Sherburne Mercantile Company v. Bonds (1944), 115 Mont. 464, 468, 145 P.2d 827, 828.

Section 46-20-301, MCA, provides:

> The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases.

After a review of the record by the Court, it is apparent there is no evidence the District Court's order allowing counsel of record to withdraw was mailed to Bensons. Nor is there evidence they were notified by counsel for the Bank pursuant to § 37-61-405, MCA:

> When an attorney dies or is removed or suspended or ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person.

3

This Court, in interpreting this section, has stated that:

> This section means no more than it plainly says, vis, that no proceeding may be had against a party, no judgment or order or other step be taken, until he appoints an attorney, unless the prescribed notice is first given.

Endresse v. Van Vleet (1946), 118 Mont. 533, 537, 169 P.2d 719, 721; Hand v. Hand (1957), 131 Mont. 571, 577, 312 P.2d 990, 993.

Neither the Bank nor Bensons' withdrawing attorney gave written notice to Bensons in violation of §§ 37-61-404 and -405, MCA, and the court's order to the withdrawing attorney to notify the Bensons. At the time the default judgment was issued, Bensons had no attorney of record and were not represented at the hearing. The court's lack of authority to proceed is properly raised by Bensons on appeal. The case is accordingly remanded to the District Court with directions to set aside the previous default and judgment of default and grant defendants a rehearing at which they have opportunity to be represented, consistent with the statutes and the holding of this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4