No.  96-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

ROY W. STANLEY AND CAROL A.
STANLEY, individually and ROY W.
STANLEY, CAROL A. STANLEY, LIBBY
STANLEY, HOLLY STANLEY and CARRIE
STANLEY as the assignees of ROY
STANLEY CHEVROLET COMPANY,

Plaintiffs and Respondents,

vs.

ALLAN G. HOLMS, AGH, INC.  a/k/a
ALLAN G. HOLMS, INC., a Washington
corporation or any successor,
entity or assignees of the assets
of HOLMS MOTORS, INC., and THE
ALLAN G. HOLMS TRUST, Roger Crist,
Trustee,

Defendants and Appellants.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Lee C. Henning, Lence Law Firm, Kalispell, Montana

For Respondents:

Gary R. Christiansen, Warden, Christiansen, Johnson
& Berg, Kalispell, Montana


Submitted on Briefs: November 21, 1996

Decided:  March 7, 1997
Filed:


_____
Clerk


Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from the Eleventh Judicial District Court, Flathead County.  Following a hearing, the District Court granted Plaintiffs' motion for summary judgment.  From this judgment, Defendants appeal.  We reverse and remand for further proceedings consistent with this opinion.

The sole issue raised on appeal is whether the District Court committed reversible error by granting Plaintiffs summary judgment.


FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 1995, Plaintiffs, Roy W. Stanley, et al. (Stanleys), filed their amended complaint against Defendants, Allan G. Holms, AGH, Inc., et al. (Holms), alleging claims on various contractual agreements, guarantees, promissory notes and assignments of life insurance as collateral for money due thereon, and a schedule of payments.  Subsequently, Stanleys served Holms on October 31, 1995, with their first discovery requests.  These included requests for admissions referencing specific exhibits attached to Stanleys' amended complaint, a schedule of payments and the fact that payments had not been made.  Further, Stanleys asked Holms to furnish proof of any payments made with regard to the schedule of payments.

Holms answered the amended complaint on November 27, 1995, admitting execution of the promissory notes, joint and several liability, failure to make payments and their consent to a requested order for preliminary injunction.  Holms' answer also denied owing Stanleys the sums claimed and asserted various affirmative defenses.  However, on December 1, 1995, Holms' then counsel, David A. Hawkins (Hawkins), filed his motion to withdraw, only three days prior to the deadline for answers to Stanley's

first discovery requests due on December 4, 1995. Hawkins' motion cited irreconcilable personal and professional differences with Holms regarding the handling of the case which interfered with his ability to represent his clients as well as a breakdown in attorney-client communication making representation impossible. On December 8, 1995, Stanleys filed a motion for summary judgment based to a great extent on matters deemed admitted by Holms' failure to respond to the request for admissions. In their supporting brief, Stanleys specifically pointed out that Holms did not respond to discovery requests and failed to seek or obtain an extension of time, and, therefore, pursuant to Rule 36(a), M.R.Civ.P., the requests for admissions were deemed admitted.

On December 20, 1995, the District Court heard and granted Hawkins' motion to withdraw. On the same day, Stanleys served Holms with a "Confirmation of Notice and Notice of Motion." This document confirmed the District Court's oral instruction to Holms regarding Rule 10, U.Dist.Ct.R., and included an attached copy of Rule 10, U.Dist.Ct.R. Further, the notice of motion specifically referenced the pending motion for summary judgment with a January 16, 1996 hearing date.

On January 9, 1996, Lee C. Henning, Holms' present counsel, agreed to undertake representation and on January 10, 1996, Henning filed his motion and memorandum for leave to amend the pleadings, to file amended responses to Stanleys' first discovery requests, and to continue Stanleys' motion for summary judgment. On January 11, 1996, Holms served their objections and answers to Stanleys' first discovery requests. On January 16, 1996, the District Court heard oral argument and granted Stanleys' motion for summary judgment on April 26, 1996. From this judgment, Holms appeal. We reverse and remand for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

Our standard of review for an appeal from an order granting summary judgment is de novo. Motarie v. Northern Montana Joint Refuse Disposal District (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We review the order granting summary judgment using the same evaluation as did the District Court, based on Rule 56, M.R.Civ.P. Motarie, 907 P.2d at 156. Our inquiry is set out as follows:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner v. Yellowstone County (1995), 272 Mont. 261, 264-65, 900

P.2d 901, 903 (citations omitted).

In its April 26, 1996 Order, the District Court concluded that the 30-day deadline under Rule 36(a), M.R.Civ.P., was not tolled because Rule 10, U.Dist.Ct.R., did not apply, and, therefore, ruled that summary judgment was proper because Stanleys' requests for admissions were deemed admitted under Rule 36(a), M.R.Civ.P., when Holms failed to file answers or objections to those requests. On appeal, Holms raise the legal issue whether their responses to Stanleys' first discovery requests were timely filed because the original deadline for responses under Rule 36(a), M.R.Civ.P., was tolled pursuant to Rule 10, U.Dist.Ct.R. Accordingly, we review the District Court's conclusion to the contrary to determine if the court was legally correct.

## DISCUSSION

The sole issue raised on appeal is whether the District Court committed reversible error by granting Stanleys summary judgment.

The District Court granted Stanleys' motion for summary judgment on April 26, 1996. The court, citing Rule 36(a), M.R.Civ.P., noted that Stanleys' requests for admissions were deemed admitted because Holms had neither answered nor objected to the admissions within the 30-day period allowed by the statute. The court ruled that Rule 10, U.Dist.Ct.R., did not apply because nothing prevented Holms' original counsel from acting on Holms behalf, and, therefore, the running of the 30-day provision of Rule 36(a), M.R.Civ.P., was not tolled. Additionally, the court ruled that Holms' motion for leave to file an amended response to Stanleys' first discovery requests did not make any sense because Holms' never filed a response within the time provided, and, thus, nothing existed in the record to amend.

Furthermore, the District Court ruled that Stanleys' Requests for Admissions, which were deemed admitted, established in a logical fashion Stanleys' right to judgment. In contrast, the court ruled that Holms' assertions included in the affidavits and memoranda opposing summary judgment were "conclusory, speculative and self-serving." The court, therefore, ruled that Holms did not raise a genuine issue of material fact with regard to the matters covered by Stanleys' motion for summary judgment, and, in fact, no dispute existed in the record concerning the amounts owed by Holms.

On appeal, Holms first argue that Stanleys' motion for summary judgment lacked a factual basis because Holms' filed answers and objections to Stanleys' requests for admissions in a timely manner. Relying on various Montana cases, Holms contend that Rule 10, U.Dist.Ct.R., and 37-61-405, MCA, provide that when an attorney representing a party ceases to act as such, before any further proceedings are conducted against the unrepresented party, the adverse party must give written notice to the unrepresented party to appoint another attorney or appear in person and to provide the date of the next hearing or action. See McWilliams v. Clem (1987),

228 Mont. 297, 743 P.2d 577; Montana Bank of Roundup, N.A. v. Benson (1986), 220 Mont. 410, 717 P.2d 6; McPartlin v. Fransen (1978), 178 Mont. 178, 582 P.2d 1255.

Holms argue that although Stanleys gave them confirmation and notice of the summary judgment hearing, this was not proper notice. Holms assert that Hawkins ceased to act as their attorney when he filed his Motion to Withdraw on December 1, 1995, only days before their responses to Stanleys' first discovery requests were due. Therefore, pursuant to Rule 10, U.Dist.Ct.R., and  37-61-405, MCA, Holms contend Stanleys were required to give them notice concerning appointment of new counsel and the deadline for discovery responses pursuant to Rule 36(a), M.R.Civ.P.  Holms assert that because Stanleys failed to give Holms the required notice, the deadline for discovery responses was tolled between the date Hawkins filed his motion to withdraw and the date the District Court granted Hawkins' motion and Stanleys gave Holms the required notice.  Holms conclude that they timely answered Stanleys' first discovery requests because they served Stanleys with those answers after the mandatory stay, within forty-eight hours after appearance of their new counsel.

Stanleys respond simply that they gave Holms proper notice by including notification that the next proceeding was a hearing concerning the pending motion for summary judgment.  Additionally, Stanleys argue that Holms presented no authority for the proposition that all time periods are suspended when counsel files a Notice to Withdraw.  Therefore, Stanleys assert that Holms' discovery responses were not timely filed and were not sufficient to prevent the court from granting Stanleys' motion for summary judgment.

Second, Holms argue that even if their answers were not timely filed, the District Court erred by denying Holms' motion for leave to file amended answers to Stanleys' first requests for admissions. Holms asserts that the court has discretion to allow late filings and Rule 36(b), M.R.Civ.P., specifically allows the court to permit withdrawal or amendment of admissions.  Holms points out that the District Court denied their motion to amend discovery requests, reasoning that because Holms never answered Stanleys' discovery requests, nothing was on file to amend.  However, Holms contend that their failure to respond to Stanleys' discovery requests constituted admissions which were "on file" and, therefore, were subject to amendment.  Furthermore, Holms argues that the District Court abused its discretion because it did not consider the two-part test under Rule 36(b), M.R.Civ.P., when deciding to deny their motion to amend discovery responses.  Stanleys respond by supporting the District Court's reasoning and judgment concerning the issue of Holms' timeliness responding to Stanleys' first discovery requests.

Third, Holms contend that the District Court committed

reversible error by granting Stanleys' motion for summary judgment because the court should have granted Holms reasonable time to conduct discovery as supported by Rule 56(f), M.R.Civ.P. Finally, Holms contend that the District Court erred by granting summary judgment because the Affidavit of Allan Holms raised sufficient factual issues to preclude summary judgment.

We hold that the District Court erred when it concluded that the 30-day deadline under Rule 36(a), M.R.Civ.P., was not tolled because Rule 10, U.Dist.Ct.R., did not apply, and, therefore, ruled that summary judgment was proper because Stanleys' requests for admissions were deemed admitted under Rule 36(a), M.R.Civ.P., when Holms failed to file answers or objections to those requests. Accordingly, we reverse the District Court's legal conclusion to the contrary. Because this issue is dispositive, we will not address Holms' additional three arguments.

Section 37-61-405, MCA, imposes a duty upon an adverse party when another party's attorney withdraws:

When an attorney dies or is removed or suspended or ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person. [Emphasis added.]

We have interpreted the plain language of this statute to mean that "no proceeding may be had against a party, no judgment or order or other step be taken, until he appoints an attorney, unless the prescribed notice is first given." Montana Bank of Roundup, 717 P.2d at 7 (citations omitted). See also McWilliams, 743 P.2d at 585-86. The purpose of this statute is to protect the unrepresented party and to ensure that party receives a fair trial. McPartlin, 582 P.2d at 1259. Therefore, the opposing party with notice of the withdrawal has a duty to provide adequate notice to the unrepresented party. McPartlin, 582 P.2d at 1259. That is, the represented party must satisfy the requisites of 37-61-405, MCA, by showing that he made "a good faith effort to notify the unrepresented party and advise him he should substitute counsel or appear in person, and the notice also sets forth the date of the next hearing or action in the matter pending . . .." McPartlin, 582 P.2d at 1259 (emphasis added).

Furthermore, Rule 10(b), U.Dist.Ct.R., also provides:

When the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:

(1) That such party must appoint another attorney or appear in person, and

(2) The date of the trial or of the next hearing or

action required in the case, and

(3)  That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise. [Emphasis added.]

In the case at bar, the record shows that Hawkins mailed a copy of his motion to withdraw to Stanleys on December 1, 1995. Technically, Hawkins was counsel of record for Holms until the District Court granted his motion to withdraw.  Nevertheless, it should also have been apparent from the motion itself that it was questionable whether Hawkins would thereafter actively represent Holms' interests.  Hawkins' motion was based upon irreconcilable personal and professional differences regarding the handling of his clients' case which interfered with his ability to represent them. Further, he stated that a breakdown in communications had occurred, making representation impossible.

In this regard, under both  37-61-405, MCA, and Rule 10(b), U.Dist.Ct.R., counsel must provide notice to an adverse party when that party's attorney ceases to act as such.  Specifically, the notice requirement is not limited to circumstances where the attorney dies, is removed, is suspended or actually withdraws. Notice is also required when a party's attorney ceases to act as such.  In most circumstances, it would be an unfair and impracticable burden to impose on counsel the obligation to determine when his adversary had ceased to act as an attorney for his clients.  Notwithstanding, where the facts of the case or the record itself reasonably lead to that conclusion, then it will be incumbent upon counsel to give the notice required by the statute and the Rule before taking advantage of a default on the part of the other side.  While this may pose some added inconvenience to the represented parties required to give the notice, we conclude that this burden is insubstantial when compared to the potential detriment that may be suffered by a litigant whose counsel has ceased to act on his client's behalf.  As we stated in McPartlin, "[b]y imposing this duty on the represented party, we do not intend to stall justice, rather, we hope such notice will enable justice to be carried out as fairly and expeditiously as possible." McPartlin, 582 P.2d at 1259.

Here, the grounds stated in Hawkins' motion would reasonably lead to a conclusion that he could no longer act as counsel for his clients.  Under those circumstances, it was also reasonable to assume that he had ceased to act as attorney for his clients pending the court allowing him to officially withdraw.  Therefore, upon receipt of Hawkins' motion, Stanleys were obligated to give the notice required by  37-61-405, MCA, and Rule 10, U.Dist.Ct.R.,

before taking advantage of Holms' failure to respond to the request for admissions, the answers to which were not yet due when Hawkins filed and served his motion.

Furthermore, this notice was required to include not only a direction that Holms appoint another attorney or appear in person, but information about the date of the next "action required in the case." See Rule 10(b)(2), U.Dist.Ct.R. The next action required in this case at the time Hawkins' motion to withdraw was filed and served on December 1, 1995, was the necessity to answer Stanleys' first discovery requests and requests for admissions by December 4, 1995. In this regard, we note that December 1, 1995, was a Friday and December 4, 1995, was the following Monday. We do not suggest that Hawkins' 11th-hour motion to withdraw, when discovery responses were due within a few days and when he had failed to request an extension, should be held up as an example of professional conduct. Nevertheless, Holms were placed in an impossible position--at the time Hawkins' ceased to act as their counsel, they had virtually no time left to retain new counsel or appear in person and to timely respond to Stanleys' discovery requests. Under the circumstances, if Stanleys were determined to take advantage of Holms' situation and their failure to answer the requests for admissions, then Stanleys were also obligated to give Holms the required notice under the statute and the Rule. The purpose of this notice requirement is to prevent a represented party from taking unfair advantage of the situation of the opposing party who has actually or effectively lost his representation and to ensure that the unrepresented party receives a fair trial. See McPartlin, 582 P.2d at 1259.

Here, upon receipt of Hawkins' motion to withdraw, Stanleys did not serve Holms with the required notice. Instead, on December 8, 1995, Stanleys filed a motion for summary judgment alleging that no material issues of fact existed because Holms had failed to answer Stanleys' requests for admissions by the deadline, and, therefore, those matters were deemed admitted pursuant to Rule 36(a), M.R.Civ.P. Not until December 20, 1995, did Stanleys serve Holms with the requisite notice, immediately after the District Court granted Hawkins' motion to withdraw. In this notice, Stanleys indicated that Holms must appoint another attorney or appear in person and also informed Holms of the upcoming summary judgment hearing scheduled for January 16, 1996.

Of course, by the time of this notice, Stanleys were able to take advantage of Holms' failure to answer the requests for admissions during a time that they (Holms) were effectively unrepresented and by using that default as the basis for their motion for summary judgment. Because it was not given at the time when Holms' counsel ceased to act, the remedial purpose of the notice was frustrated. In reality, the case was all but over when the notice was given.

Holms' new counsel appeared on January 9, 1996, and filed motions on January 10, 1996, to amend the pleadings, to amend their responses to Stanley's first discovery requests, and to continue Stanleys' motion for summary judgment. Despite these motions, the District Court conducted a summary judgment hearing, as scheduled, on January 16, 1996.  After the hearing, the District Court granted Stanleys summary judgment.  In its April 26, 1996 order granting summary judgment, the District Court disagreed with Holms that Rule 10, U.Dist.Ct.R., stayed the running of the 30-day provision of Rule 36(a), M.R.Civ.P. stating:

[Holms'] original counsel was not sick, nor did he die, nor did he have any disability or problems which kept him from acting as the attorney for [Holms], other than the concerns which he expressed at the December 20, 1995 hearing regarding his request to withdraw.  Rule 10 is simply not applicable given the facts of this matter and did not stay the time period within which discovery responses were required.

Consequently, the District Court concluded that responses to Stanleys' first discovery requests were due no later than the first week of December 1995, and when Holms failed to file their responses, Stanleys' requests for admissions were deemed admitted pursuant to Rule 36(a), M.R.Civ.P., and, therefore, summary judgment was proper.

We disagree with the court's legal conclusion in this regard.  As discussed above, Rule 10, U.Dist.Ct.R., as well as   37-61-405, MCA, applies to the facts of this case because it was reasonable to assume that Hawkins ceased to act as Holms' attorney when he filed his motion to withdrawal.  Furthermore, after receipt of Hawkins' motion to withdraw, Stanleys failed to provide Holms with notice as required by Rule 10, U.Dist.Ct.R., and   37-61-405, MCA.  Therefore, absent compliance with the notice requirements of the Rule and the statute, further proceedings against Holms were stayed and, consequently, the deadline for their answers to Stanleys' first discovery requests was tolled.  Stanleys' subsequent notice on December 20, 1995, at the time the District Court granted Hawkins' motion to withdraw, was ineffective because that notice failed to advise Holms that the next action required in the case was the necessity to answer the discovery requests and requests for admissions which had been tolled from the time Hawkins' filed his motion to withdraw and had ceased to act as Holms' counsel.  Thus, the discovery responses served by Holms' present counsel on January 11, 1996, were timely, and should have been taken into consideration by the District Court in determining whether Stanleys' motion for summary judgment was meritorious.

We hold that the District Court erred when it concluded that the 30-day deadline under Rule 36(a), M.R.Civ.P., was not tolled because Rule 10, U.Dist.Ct.R., did not apply, and, therefore, ruled

that summary judgment was proper because Stanleys' requests for admissions were deemed admitted under Rule 36(a), M.R.Civ.P., when Holms failed to file answers or objections to those requests.  On remand, the District Court should address and rule on Holms' motion to amend the pleadings under the criteria set out in Rule 15(a), M.R.Civ.P., and our interpretive case law and should then reconsider Stanleys' motion for summary judgment in light of any amended pleadings which the court permits to be filed, in light of Holms' discovery responses and in light of the state of the record at the time the motion for summary judgment is heard.

Reversed and remanded for further proceedings consistent with this opinion.


/S/   JAMES C. NELSON


We Concur:

/S/   W. WILLIAM LEAPHART
  /S/   KARLA M. GRAY
/S/   WILLIAM E. HUNT, SR.