No. 96-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE THE MARRIAGE OF

CHRISTINA L. WALLACE,

Petitioner and Respondent,

and

LARAMIE W. WALLACE, JR.,

Respondent and Appellant.


APPEAL FROM:District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Attorney at Law, Boulder, Montana

For Respondent:

Joan Meyer Nye; Nye & Meyer, Billings, Montana


Submitted on Briefs: August 21, 1997

Decided:    September 8, 1997
Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

This is an appeal by Laramie W. Wallace, Jr. (Laramie) from the Findings, Conclusions and Decree of Dissolution of Marriage entered by the Thirteenth Judicial District Court, Judge Barz presiding. We affirm.

## Issue Presented

Did the District Court err in denying Laramie's motion for relief under Rule 60(b), M.R.Civ.P., when his attorney withdrew from the case and the matter proceeded to trial in Laramie's absence?

## Background

Christina L. Wallace (Christina) filed a petition for dissolution of marriage. Laramie, acting through his counsel, filed a response. The District Court issued a scheduling order setting the matter for trial on February 9, 1996. The scheduling order was issued by the court on December 19, 1995 and was mailed to counsel for both parties on December 20, 1995.

On the same day the court issued the scheduling order, counsel for Laramie filed a motion to withdraw as counsel, stating that Laramie had had no contact with counsel since May 1994. In his Notice of Withdrawal of Counsel, Laramie's counsel, Kevin Sweeny, provided Christina's counsel with Laramie's last known address. On January 3, 1996, the court granted counsel's motion to withdraw.

On January 16, 1996, counsel for Christina served and filed a "Rule 10 Notice" advising Laramie that:

1. He must appoint another attorney to represent him or appear in person;

2. trial without jury was scheduled for February 9, 1996, to begin at 9:30 a.m.; and

3. if he failed to appoint an attorney or appear in person by February 5, 1996, this action would proceed and might result in a judgment or other order being entered against him, by default or otherwise.

The "Rule 10 Notice" was sent to Laramie's last known address as provided by his former counsel. The Notice was returned to the sender by the post office since Laramie apparently was no longer at that address.

Trial proceeded as scheduled on February 9, 1996 and the District Court issued Findings of Fact and Conclusions of Law and a Decree of Dissolution. On February 9, 1996, after obtaining Laramie's new address from Laramie's mother, counsel for Christina sent a Notice of Entry of Judgment to Laramie in Clancy, Montana. Some fifty-six days later, on April 9, 1996, Laramie's new counsel filed a motion under Rule 60(b), M.R.Civ.P., to set aside the decree. Christina opposed the motion and, when the motion was not ruled upon within the 60-day time limit of Rule 60(c), M.R.Civ.P., it was deemed denied as of June 10, 1996. Laramie, through his new counsel, timely filed an appeal from the denial of that motion.

## Discussion

Laramie relies on Rule 60(b)'s statement that the Rule does not limit the power of the court to "grant relief to a defendant not actually personally notified as may be required by law. . . ." He also invokes 25-3-401, MCA, for the proposition that, "[a]fter appearance, a defendant or his attorney is entitled to notice of all

subsequent
proceedings of which notice is required to be given."  Relying upon these two provisions,
Laramie contends that Christina's counsel did not exercise due diligence in obtaining his
correct mailing address and, as a consequence, Laramie did not receive notice of the
February 9, 1996 trial date.  We reject Laramie's contentions.  The language upon which
Laramie relies from Rule 60(b) and   25-3-401, MCA, only applies to persons who have
not been personally served "as required by law" or who do not receive notice of
proceedings "of which notice is required to be given."  The question presented in this
appeal is whether the law required that Laramie receive any more notice of the trial
setting  than what was provided in the court's scheduling order and the Rule 10 Notice
mailed by opposing counsel.

   We recently discussed the notice requirements that are triggered when a party's
counsel withdraws or ceases to act as counsel.  Stanley v. Holms (Mont. 1997), 934 P.2d
196, 200-201, 54 St.Rep. 195, 197-98.  The requirements are set forth in   37-61-405,
MCA, and Rule 10(b), U.Dist.Ct.R.  Section 37-61-405, MCA, provides:

   When an attorney dies or is removed or suspended or ceases to act
   as such, a party to an action for whom he was acting as attorney must,
   before any further proceedings are had against him, be required by the
   adverse party, by written notice, to appoint another attorney or appear in
   person.

Rule 10(b), U.Dist.Ct.R., provides:

   When the attorney representing a party to an action or proceeding
   dies, is removed, withdraws, or ceases to act as such, that party, before any
   further proceedings are had against him must be given notice by any
   adverse party:
   (1) That such party must appoint another attorney or appear in
   person, and
   (2) The date of the trial or of the next hearing or action required in
   the case, and
   (3) That if he fails to appoint an attorney or appear in person by a
   date certain, which may not be less than twenty days from the date of the
   notice, the action or other proceeding will proceed and may result in a
   judgment or other order being entered against him, by default or otherwise.

   We have interpreted these provisions to mean that  " 'no proceeding may be had
against a party, no judgment or order or other step be taken, until he appoints an
attorney, unless the prescribed notice is first given.' "  Stanley, 934 P.2d at 200 (quoting
Montana Bank of Roundup, N.A. v. Benson (1986), 220 Mont. 410, 717 P.2d 6, 7).
The opposing party with notice of withdrawal has a duty to provide adequate notice to
the unrepresented party.  McPartlin v. Fransen (1978), 178 Mont. 178, 185, 582 P.2d
1255, 1259.  The represented party must satisfy   37-61-405, MCA, by showing that he
made "a good faith effort to notify the unrepresented party and advise him he should
substitute counsel or appear in person, and the notice also sets forth the date of the next

hearing or action in the matter pending . . . ."  McPartlin, 582 P.2d at 1259.

When Laramie's counsel withdrew from the case, he provided opposing counsel with the last known address of his client, Laramie Wallace.  Christina's counsel then attempted to serve a Rule 10 Notice upon Laramie at that last known address.  Although Laramie had apparently since moved and did not, in fact, receive the Notice, we hold that Christina's counsel satisfied the requirement that he make a good faith effort to notify the unrepresented party.  The only one to blame for the fact that Laramie did not actually receive the Rule 10 Notice is Laramie himself.  He failed to keep counsel (including his own counsel) apprised of his whereabouts.

Laramie points to the fact that opposing counsel was able to contact him, through his mother, for purposes of serving a notice of entry of judgment after trial. He infers that counsel could just as easily have made that same contact prior to trial.  This argument assumes, however, that counsel has an obligation to "track down" the unrepresented party. We hold that there is no obligation to "track down" the unrepresented party.  Rather, the obligation on counsel is to make a good faith effort to notify the unrepresented party.  When counsel has been provided with the party's last known address, counsel is entitled to rely on that address in satisfying his/her obligation of good faith notification.  Although counsel here was able to locate Laramie after the trial, and arguably could have made the same inquiry earlier on, that does not mean that he had a legal obligation to ferret him out before trial.   Given that the court's original scheduling order was, pursuant to Rule 5(b), M.R.Civ.P., served upon Laramie's counsel of record on December 20, 1995, and that a  Rule 10 Notice was sent to Laramie's last known address, Laramie received notice "as required by law."   We affirm the decision of the District Court denying the motion for relief under  Rule 60(b), M.R.Civ.P.

Affirmed.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  JAMES C. NELSON
/S/  KARLA M. GRAY
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.