No. 01-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 29

QUANTUM ELECTRIC, INC.,
a Montana corporation,

      Plaintiff and Respondent,

  v.

RICHARD J. SCHAEFFER and
VICTORIA SCHAEFFER, and all other
persons, unknown, claiming or who might
claim interest in or lien or encumbrance
upon the real property described in the
Complaint adverse to Plaintiff's ownership
or any cloud upon Plaintiff's title thereto,
whether such claim or possible claim, be
present or contingent,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Eleventh Judicial District,
                In and for the County of Flathead, Cause No. DV-99-568(B)
                The Honorable Katherine R. Curtis and Ted O. Lympus, Judges presiding.

COUNSEL OF RECORD:

      For Appellants:

           James C. Bartlett, Kalispell, Montana

      For Respondent:

           Paul A. Sandry, Kalispell, Montana

Submitted on Briefs: June 21, 2001

Decided: February 20, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Appellants Richard and Victoria Schaeffer (Schaeffers) appeal an order of the Eleventh Judicial District Court, Flathead County, denying their motion to set aside the court's previous judgment.  We reverse.

¶2     We address the following issue on appeal:  Did the District Court err in concluding that the plaintiff's failure to comply with § 37-61-405, MCA, and Uniform District Court Rule 10 (Rule 10, U.Dist.Ct.R.), was harmless error because the court's order fulfilled the notice requirement and because the defendants had actual notice of the proceedings?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶3     The facts underlying the present issue on appeal are not in dispute.  In order to properly address this issue, the following discussion relays the proceedings in chronological order.  On or about October 19, 1999, Quantum Electric attended a trustee's foreclosure sale and purchased real property in Flathead County.  After purchase, Quantum Electric served a notice on the Schaeffers to vacate the property.  The Schaeffers refused as they claimed some right to the property.  Consequently, about a month after purchase, Quantum Electric brought an action against the Schaeffers and any other interested parties in order to quiet title to the property.  The Schaeffers then retained attorney Richard DeJana (DeJana).

¶4     On January 28, 2000, the District Court issued a Rule 16, M.R.Civ.P., scheduling order which laid out deadlines for the pretrial proceedings in the case.[1]  The first scheduled activity

_____

[1]Neither the docket nor the District Court file reflects that the Schaeffers submitted an answer to Quantum Electric's complaint.  However, the District Court's ruling on Quantum Electric's summary judgment motion refers to an "Answer and Counter-Claim" presumably submitted by DeJana.  Because the existence of an answer is not material to our resolution of the

2

required the parties to file any objections to assignment of the case to a special master by April 14. The second scheduled activity set the deadline for amending the pleadings and joining additional parties by April 28. However, on February 11, DeJana made a motion to withdraw based on the fact that he had been unable to secure the cooperation of his clients in proceeding with the case. DeJana also submitted a proposed order allowing his withdrawal.

¶5 On March 8, Quantum Electric filed notices to take depositions of both the Schaeffers on March 27. On March 13, 2000, Judge Ted Lympus signed DeJana's proposed order and allowed him to withdraw from the case. The order reads as follows:

> Based upon the motion of Richard DeJana, and upon hearing[2] heard on this date, the Court finds:
> 1. Counsel has good cause to withdraw;
> 2. Counsel should be allowed to withdraw.
> Therefore, it is hereby ordered adjudged and decreed:
> 1. That Richard DeJana his [sic] relived [sic] as counsel in this matter;
> 2. That within 30 days of this Order, the Defendants will advise the court and opposing counsel, if they have secured new counsel. The failure to so advise will be deemed notice that they intend to proceed pro se.
> 3. The clerk will mail a copy of this order to all parties as listed below.

The following day, this order was sent to the Schaeffers by "regular mail and certified return receipt."

¶6 On March 31, Quantum Electric objected to the use of a special master. On April 7, the court issued deposition and subpoena duces tecum for both the Schaeffers on April 19. On April 10,

---

issue on appeal, we simply note this discrepancy in the record here. However, the District Court will have to address this discrepancy on remand.

[2]It does not appear from the record that a hearing was held.

3

Quantum Electric filed notices of these depositions. On April 19, the court again issued deposition and subpoena duces tecum, this time for April 26, and Quantum Electric filed notice of these depositions on the same day. Richard Schaeffer was also personally served with notice of his deposition on April 21. On April 26, Richard Schaeffer appeared at the deposition, asked for a continuance which was refused and then left without being deposed or presenting any records.

¶7 On April 27, Quantum Electric made a motion for summary judgment. On that same day, Quantum Electric also made a motion to hold Richard Schaeffer in contempt. On May 22, Quantum Electric filed its list of lay witnesses and exhibits pursuant to the scheduling order. On July 5, the District Court issued an order granting summary judgment, thereby quieting title, to Quantum Electric.

¶8 After Quantum Electric entered a notice of entry of judgment, it applied for and received a writ of execution for removal of the Schaeffers. When the writ was to be executed, the Schaeffers retained counsel. On January 10, 2001, the Schaeffers, through counsel, made a motion under Rule 60(b), M.R.Civ.P., to set aside the court's judgment. The Schaeffers based their argument on the fact that Quantum Electric failed to give the Schaeffers the notice required by § 37-61-405, MCA, when counsel withdraws. Quantum Electric responded and asserted that the motion to set aside judgment was not timely. Quantum Electric also asserted that the Schaeffers were given notice by the court's order and that they had actual notice of the proceedings. Quantum Electric therefore argued that any failure to give the required notice was harmless because the failure did not prejudice the Schaeffers' substantial rights.

¶9 The District Court found that the Schaeffers' delay in making a motion to set aside judgment was "not necessarily unreasonable." However, the court held that under the harmless error

4

requirements of Rule 61, M.R.Civ.P., the Schaeffers' substantial rights were not prejudiced because the court's order allowing DeJana's withdrawal provided the Schaeffers with notice. Therefore, the court denied the Schaeffers' motion to set aside the judgment. From this order the Schaeffers now appeal.

## II. STANDARD OF REVIEW

¶10 As mentioned above, the facts in this case are undisputed. Therefore, our review is confined to whether the District Court correctly interpreted whether the requirements of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., were met. We review the District Court's conclusions of law interpreting this statute to determine whether its conclusions are correct. *Stanley v. Holms* (1997), 281 Mont. 329, 333, 934 P.2d 196, 199.

## III. DISCUSSION

¶11 **Did the District Court err in concluding that the plaintiff's failure to comply with § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., was harmless error because the court's order fulfilled the notice requirement and because the defendants had actual notice of the proceedings?**

¶12 Before we address the issue presented in this case, we note that Quantum Electric does not assert on appeal that the Schaeffers' Rule 60(b), M.R.Civ.P., motion to set aside judgment was untimely. Consequently, Quantum Electric does not assert error in the District Court's conclusion that the delay in making the motion to set aside judgment was "not necessarily unreasonable." Therefore, our opinion does not address the timeliness of Schaeffers' Rule 60(b), M.R.Civ.P., motion.

¶13 Next, in order to address the issue presented here, we begin by setting out the statute at issue. Section 37-61-405, MCA, regarding death or removal of an attorney reads:

> When an attorney dies or is removed or suspended or ceases to act as such, a party to an action for whom he was acting as attorney *must*, before any further proceedings

5

are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person (emphasis added).

In addition, the parties discuss the requirements of Rule 10, U.Dist.Ct.R., on appeal even though the District Court and the parties did not address this rule in the trial court proceedings. However, because our cases on this issue generally consider the statutory and rule requirements together, we also cite Rule 10, U.Dist.Ct.R., here. This rule also addresses the death or removal of an attorney and reads:

> (a) Whenever an attorney representing a party to an action, or in another civil proceeding of any kind, is removed, withdraws or ceases to act as such, said attorney must inform the court and all other parties of the full name and address of his client and any other information which the court may find appropriate to assist in contacting said party.
>
> (b) When the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:
> (1) That such party must appoint another attorney or appear in person, and
> (2) The date of the trial or of the next hearing or action required in the case, and
> (3) That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise.
>
> (c) Such notice may be by personal service or by certified mail to said party's last known address.
>
> (d) If said party does not appoint another attorney or appear in person within twenty days of the service or mailing of said notice, the action may proceed to judgment. However, copies of all papers and documents required to be served by these rules and the Rules of Civil Procedure shall be mailed to said party at his last known address.
>
> (e) In addition to the foregoing requirements of Rule 10 and before any change or substitution of attorney is effective, whether such change or substitution is occasioned by the death of the attorney or by his removal, withdrawal, ceasing to act, suspension or disbarment, the requirements of sections 37-61-403, 37-61-404 and 37-61-405, MCA, shall have been fully satisfied.

6

¶14    The Schaeffers assert on appeal that the District Court erred in concluding that their substantial rights were not prejudiced by Quantum Electric's failure to comply with § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R.  Quantum Electric concedes that it did not send the notice required by § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R.  However, Quantum asserts that the District Court was correct in applying harmless error review under Rule 61, M.R.Civ.P., to conclude that its order allowing DeJana to withdraw served the substantive purpose of § 37-61-405, MCA, by putting the Schaeffers on notice that they needed to hire new counsel or proceed *pro se*.  Further, Quantum Electric asserts that the Schaeffers themselves demonstrated they had actual notice when Richard Schaeffer showed up at the scheduled deposition.  Therefore, Quantum Electric asserts that the Schaeffers' substantive rights were not prejudiced by its actions.

¶15    The District Court based its order on a number of conclusions.  First, the court considered the specific language in § 37-61-405, MCA, which reads that the party whose attorney withdrew must "be required by the adverse party, by written notice, to appoint another attorney or appear in person."  The court concluded that notice by the "adverse party" was not essential to the purpose of the rule and it stated that rather than Quantum Electric serving notice, its own order dismissing DeJana served the same purpose.  Therefore, the court concluded that "the same . . . result [is] achieved."  Further, the court noted that its order dismissing DeJana was mailed by certified mail to the Schaeffers.  In addition, the court held that the Schaeffers failed to show any prejudice because they demonstrated they had actual notice when Richard Schaeffer showed up at the records deposition.  Finally, the court noted that the Schaeffers had actual notice because the same parties were involved in a related action for wrongful detainer, presumably regarding the same property.  Consequently, the court denied the Schaeffers' motion to set aside the judgment against them.

7

¶16 After a careful review of the precedent on the issue of the notice required when a party becomes unrepresented by counsel, we disagree with the conclusion reached by the District Court. However, we also note that our review revealed a disparity in the precedent on this issue which we address and reconcile below.

¶17 We have previously reviewed the notice requirement when a party loses representation. Indeed, although § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., are the current embodiment of these requirements, the statute itself dates back to 1895 and has been strictly enforced. For example, in one of our first cases addressing the requirements, we ruled that the plaintiff was barred from proceeding with the case until notice was served when the defendant lost representation because his attorney was appointed to a judgeship. *Endresse v. Van Vleet* (1946), 118 Mont. 533, 538-39, 169 P.2d 719, 721.

¶18 Further, a survey of § 37-61-405, MCA, and its predecessors reveals that while the precise facts of the cases differ, the majority of our cases have determined that when some notice occurs but it does not meet the requirements of the rule, the notice was insufficient such that the subsequent proceedings against that party were ineffective. For example in *McPartlin v. Fransen* (1978), 178 Mont. 178, 582 P.2d 1255, we stated the general rule requiring notice as follows:

> Having determined an opposing party has a duty to request a personal appearance or a substitution of counsel before proceeding further, it is the duty of this Court to supply some guidelines for giving such notice. We do not believe actual notice must be personally served on the unrepresented party opponent. But we do hold the represented party must make a positive showing he has attempted to communicate adequate notice to the unrepresented party. If the represented party can show he made a good faith effort to notify the unrepresented party and advise him he should substitute counsel or appear in person, and the notice also sets forth the date of the next hearing or action in the matter pending, then the represented party will be deemed to have satisfied the requisites of section 93-2104, R.C.M. 1947.

8

*McPartlin*, 178 Mont. at 185, 582 P.2d at 1259.

¶19    Based on this rule, we considered the undisputed facts in *McPartlin* that the defendant's attorneys filed a motion to withdraw twenty days before trial and that the defendant knew of the withdrawal and that some type of proceeding was scheduled in twenty days.  However, because the defendant was not notified that the pending proceeding was a trial on the merits, we reversed and remanded to the trial court.  *McPartlin*, 178 Mont. at 186, 582 P.2d at 1259.  *See also In re Marriage of Whiting* (1993), 259 Mont. 180, 184, 854 P.2d 343, 345 ("Notice of Intention to Proceed" was inadequate in part because it did not inform respondent that petitioner intended to apply for default judgment in two days); *In re Marriage of Neneman* (1985), 217 Mont. 155, 159, 703 P.2d 164, 166 (notice was inadequate because it failed to include date of next proceeding); *Montana Bank, N.A. v. Benson* (1986), 220 Mont. 410, 717 P.2d 6 (no notice sent).

¶20    In *Stanley*, we considered a case in which the required notice was not sent when counsel learned of the opposing counsel's motion to withdraw, but instead delivered notice after the court granted the motion to withdraw.  Considering the fact that counsel withdrew in part due to an inability to communicate with his client in furtherance of the case, we determined that it was unfair to allow the case to proceed while the withdrawal motion was pending.  Accordingly, we held that opposing counsel had a duty to give the notice required by § 37-61-405, MCA, as soon as he learned of the fact of withdrawal.  *Stanley*, 281 Mont. at 337, 934 P.2d at 201.  Further, we stated: "While this may pose some added inconvenience to the represented parties required to give the notice, we conclude that this burden is insubstantial when compared to the potential detriment that may be suffered by a litigant whose counsel has ceased to act on his client's behalf."  *Stanley*, 281 Mont. at 337, 934 P.2d at 201.  *See also McWilliams v. Clem* (1987), 228 Mont. 297, 310, 743 P.2d 577, 585-

9

86 (noting in dicta that proceedings are stayed under the rule even though defendant had actual notice of the trial).

¶21    Therefore, the general rule from these cases is that the opposing counsel has a duty to make a good faith effort, by written notice, both to notify the unrepresented party that he should retain counsel or appear in person and to notify the unrepresented party regarding the nature and timing of the next pending proceeding.  Further, when a party loses representation and this duty is not fulfilled, the proceedings in the case are tolled until the notice requirements of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., are met.

¶22    In stating this general rule, we note here that we have also held actual notice is not required. For example, in *In re Marriage of Wallace* (1997), 284 Mont. 360, 944 P.2d 227, even though the unrepresented party did not have actual notice, notice sent to last known address was sufficient. *See also In re Knowles' Estate* (1957), 132 Mont. 604, 605, 316 P.2d 563, 563 (mem.) (case proceeded after notice requirement fulfilled).  *Cf. Johnson v. Matelich* (1973), 163 Mont. 329, 335, 517 P.2d 731, 734 (defendant represented to plaintiff that he had another attorney after his previous attorney withdrew); *Berg v. Fraser* (1960), 136 Mont. 525, 528-29, 349 P.2d 317, 319 (statute is intended to benefit unrepresented party, not the opposing party).

¶23    In contrast to these cases and others, we have twice upheld notice that did not specifically meet the requirements of the above rule.  In *Audit Serv. v. Kraus Constr.* (1980), 189 Mont. 94, 105, 615 P.2d 183, 189, we upheld the notice supplied to the unrepresented party when the district court, rather than opposing counsel, served a copy of its order granting withdrawal to the unrepresented party which required that party to appear  by counsel or in person within twenty days. Further, we did not address whether the contents of the order sent by the court included notice of the next

10

pending proceeding. In *Sikorski & Son v. Sikorski* (1973), 162 Mont. 442, 446-47, 512 P.2d 1147, 1149, we held that notice was not required in part because the attorney withdrew with the client's consent and that the statute did not apply when an attorney withdraws with consent. Again, we did not address whether the client in that case was informed regarding the next pending proceeding.

¶24    Because of the discrepancy in our case law presented by these last two cases, we must determine which line of cases shall serve as precedent for the appropriate notice required when a party becomes unrepresented. At this juncture, it is important to note a frequent dynamic repeated in the facts of these types of cases that seems to be present again in the case at bar. Specifically, in many of the above cases, the unrepresented party is characterized as obstructionist and seeking to defeat the judicial process by virtue of simply ignoring its existence. For example, it is undisputed that the unrepresented party had notice the action was occurring because that party retained counsel in the first place. Further, in many of the cases, it is undisputed from the facts that the unrepresented party had actual notice of the future proceedings and in some cases, even actual notice of the next pending proceeding. *See e.g. McWilliams*, 228 Mont. at 310, 743 P.2d at 584 (defendant stated he would not attend trial); *McPartlin*, 178 Mont. at 180, 582 P.2d at 1256 (defendant blocked property with barricade despite court order to the contrary); *see also In re Marriage of Whiting*, 259 Mont. at 184, 854 P.2d at 346; *Montana Bank*, 220 Mont. at 411, 717 P.2d at 6-7 (plaintiff's efforts to gather collateral met with acts that gave rise to a concern for personal safety); *Audit Serv.*, 189 Mont. at 101, 615 P.2d at 187 (defendant would not participate in discovery over the course of three years).

¶25    In addition, it is often the case that counsel is withdrawing due to an inability to communicate with their clients. *Stanley*, 281 Mont. at 332, 934 P.2d at 198. Indeed, sometimes the unrepresented party is unable to communicate with a number of consecutive attorneys. *See Johnson*,

11

163 Mont. at 335, 517 P.2d at 734 (defendant had three different consecutive counsel). Finally, the unrepresented party often refuses to respond until the sheriff is at their doorstep with a writ of execution to carry out the judgment against them. *Audit Services*, 189 Mont. at 100, 615 P.2d at 186.

¶26 Therefore, these cases present a situation in which the unrepresented party may actually benefit from obstructionist behavior in that after their attorney withdraws, judgment cannot be entered against them even though they refuse to participate in proceedings they had actual knowledge of simply because the notice required by § 37-61-405, MCA, was not sent.

¶27 Given this dynamic, it is difficult to enforce the judicial process in a way that in effect condones this kind of behavior and allows litigation to drag on by setting aside substantial proceedings that occurred subsequent to withdrawal of counsel. However, considering the relative ease with which proper notice is given and in light of our precedent that the word "must" is mandatory, *Montco v. Simonich* (1997), 285 Mont. 280, 287, 947 P.2d 1047, 1051, we think the better rule is established by the *McPartlin* and *Stanley* line of cases. Accordingly, we hold that in order to properly protect the interests of the unrepresented party, the opposing party, as required by the plain language of § 37-61-405, MCA, must require the unrepresented party, by written notice, to appoint another attorney or appear in person. Further, that written notice must include the date of the next action required in the case. In addition, according to Rule 10, U.Dist.Ct.R., written notice must also include notice that if the unrepresented party fails to appoint an attorney or appear in person within twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him.

¶28 By providing this clear rule, we do not intend to condone those who simply ignore the

12

judicial process, but instead intend to provide a simple tool for those opposing them to proceed with their cause of action, secure in the knowledge that any judgment in their favor is final. Once proper notice is given, any continued refusal to participate in the proceedings by an unrepresented party may justly result in default judgment or other final judgment against their interests.

¶29     In making this holding we note that it is closely analogous to our requirement that notice of entry of judgment be sent by the prevailing party to other parties before the thirty day deadline for filing notice of appeal begins to run. *See Willoughby v. Loomis* (1994), 264 Mont. 44, 869 P.2d 271; *El-Ce Storms Trust v. Svetahor* (1986), 223 Mont. 113, 724 P.2d 704; Rule 5, M.R.App.P.; Rule 77(d), M.R.Civ.P. Like the requirement that notice be sent by opposing counsel even though the court has obviously issued an appealable, dispositive judgment, here, even though the court issues an order allowing withdrawal of counsel, we still require notice be sent by the opposing counsel in conformance with the rule. Further, this rule is in line with our policy favoring judgment on the merits of a case. *See e.g. Maulding v. Hardman* (1993), 257 Mont. 18, 23, 847 P.2d 292, 296.

¶30     Therefore, we hereby overrule *Audit Services,* 189 Mont. 94, 615 P.2d 183, and *Sikorski,* 162 Mont. 442, 512 P.2d 1147, to the extent those cases waived a failure of opposing counsel to comply with § 37-61-405, MCA. However, we note in overruling those cases that our decision is in no way intended to limit the sanctions available to the trial court for unresponsiveness to discovery requests or other sanctions available under the rules. *See e.g.* Rule 37, M.R.Civ.P.

¶31     Having determined the applicable rule, we now address the facts of this case. Here, as mentioned, Quantum Electric did not send the notice required by § 37-61-405, MCA. Instead, the District Court relied on the fact that its own order fulfilled the notice requirements. We disagree. Nowhere in the order were the Schaeffers given notice of the next proceeding to take place in the

case. If notice had been sent upon receipt of DeJana's motion to withdraw as required by *Stanley*, the next proceeding would have been the requirement that they object to assignment of the case to a special master by April 14, 2000. Further, the court's order did not contain notice of the depositions scheduled for March 27 or that judgment could be entered against the Schaeffers for failure to appear as required by Rule 10, U.Dist.Ct.R.

¶32 Contrary to the dissent's assertion that the Schaeffers already had notice of the depositions because they were represented by counsel at the time the March 8 notices of deposition were sent out, the Schaeffers are presumed to *not* have notice of those depositions because DeJana filed his motion to withdraw on February 11. As we held in *Stanley*, proceedings are suspended when the counsel files a motion to withdraw without consent of the client because the failure of communication asserted by counsel demonstrates that the client may not have notice.

¶33 Finally, the District Court cited *Montana Bank*, 220 Mont. at 412, 717 P.2d 7, for the proposition that notice could be given by the court, or by either attorney, because we stated in that case that neither the withdrawing attorney nor the opposing attorney gave notice. However, that statement was merely intended to indicate that no notice of any kind was given in that case, even though the court apparently ordered the withdrawing attorney to give notice. We were not, as we are here, addressing the sufficiency of a type of notice that did not conform with the statute or rule. Therefore, we disagree with the District Court that *Montana Bank* allows for notice by the trial court.

¶34 Finally, while we agree with the dissent's account of additional facts regarding the Schaeffers' actual notice and are also disturbed by the Schaeffers' apparent disregard for the judicial process, we do not agree that any of these facts change the analysis. As the dissent points out, the

14

Schaeffers were given notice of the need to appoint new counsel or proceed *pro se*, the nature and time of the next proceeding, and the possible consequence of judgment against them each in separate pieces. Allowing this type of piecemeal analysis of the notice required by § 31-61-405, MCA, and Rule 10, U.Dist.Ct.R., will turn our review into a case by case standard of review and will defeat the purpose of setting out a clear rule when a party becomes unrepresented.

¶35 Accordingly, we conclude that, despite the fact that the Schaeffers had actual notice of the proceedings because Richard Schaeffer appeared at the deposition and despite the fact that the parties are involved in a related wrongful detainer proceeding, the requirements of § 37-61-405, MCA, were not met and any subsequent proceedings should have been tolled until notice was sent. Thus, the District Court's order denying the Schaeffers' motion to set aside judgment was error. Further, the Schaeffers are entitled to costs on appeal according to Rule 33, M.R.App.P.

## IV. CONCLUSION

¶36 Because the District Court erred in concluding that the Schaeffers' substantial rights were not prejudiced when they did not receive notice pursuant to § 31-61-405, MCA, and Rule 10, U.Dist.Ct.R., we reverse and remand for proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART

15

Justice Patricia O. Cotter specially concurs and dissents.

¶37 I concur in the Court's decision to clarify the law with respect to the application of the provisions of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R. I further concur in the Court's holding found at ¶ 27 of the Court's Opinion. However, I dissent from the Court's conclusion that the facts of this case compel reversal.

¶38 First of all, I would point out that the March 13 order issued by the District Court, cited at ¶ 5 of the Court's Opinion, was prepared by DeJana, the withdrawing attorney. The court signed this order and served it upon the Schaeffers. The Schaeffers were alerted by the order that: (a) their counsel had withdrawn from the case; and (b) that they had to advise the court and opposing counsel if they had secured new counsel.

¶39 After the court's March 13 order was served upon the Schaeffers, amended deposition notices were issued on April 7 by the plaintiff, and served on the Schaeffers. The Schaeffers responded by telephone that they had not been properly served, and thereafter, additional notices and subpoenas were again served by mail and in person upon the Schaeffers. As the District Court points out, Richard Schaeffer appeared for his deposition but refused to give testimony. The plaintiff then filed a motion to hold Richard Schaeffer in contempt and filed a motion for summary judgment and memorandum. These documents were served on the Schaeffers at the address they gave Quantum Electric's attorney.

¶40 The Court indicates at ¶ 31 that the court's order allowing counsel to withdraw did not contain notice of the depositions originally scheduled for March 27. However, the fact is that notices of those depositions were served upon the defendants *through their counsel of record*, while he was still acting as counsel. *See* ¶ 5. Because the Schaeffers already had notice of their

16

depositions, through their counsel, it was unnecessary for the court to notify the Schaeffers in its order of "the date of the next action required in the case" -- the March 27 depositions.

¶41 With respect to the other deadlines, it is important to note that a scheduling order was entered and served on the Schaeffers, and this too was done while the Schaeffers were being represented by counsel. Thus, any requirement that they be notified of the next actions required in the case (even after the March 27 depositions) was satisfied.

¶42 The record demonstrates that the Schaeffers were notified every step along the way of the next proceeding to take place in the action. Moreover, the Schaeffers were served by Quantum Electric with the motion for summary judgment and memorandum, and thus were alerted that the proceedings could result in a judgment or order being entered against them. Again, they chose to ignore this notice.

¶43 I concede that the letter of § 37-61-405, MCA, and Rule 10, U.Dist.Ct.R., was not met here, because the Schaeffers were notified in a series of documents rather than one written notice of the matters which the statute and rule require. However, I would not find the fact that the notices were multiple instead of individual to be significant, especially in light of the uncontroverted disregard that the Schaeffers showed for the legal proceedings. I would conclude that Quantum Electric met the spirit of the statute and the rule here, and that even if we are now casting in stone a rule for future litigants, Quantum Electric should not suffer from imposition of this rule.

¶44 I would make the rule announced in the Court's Opinion prospective, and I would affirm the order of the District Court. I dissent from our refusal to do so.

/S/ PATRICIA COTTER

17

Chief Justice Karla M. Gray joins in the foregoing concurring and dissenting

Opinion of Justice Patricia O. Cotter.


/S/ KARLA M. GRAY